# BERNABE GAUTIER, ANTONIO GAUTIER and GUILLER-MINA GAUTIER, Plaintiffs

v.

## ANA GONZALES–LATIMER, Defendant

Civil No. 429/1986

Territorial Court of the Virgin Islands

Div. of St. Croix

February 22, 1990

ALLAN A. CHRISTIAN, ESQ., St. Croix, V.I., *for plaintiffs*

GEORGE W. CANNON, JR., ESQ. (LAW OFFICES OF ROSS & CANNON), St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on remand by the U.S. District Court of the Virgin Islands, Appellate Division, for the entry of findings of fact so as to rebut the presumption of undue influence. The plaintiffs here, appellants above, have used the Appellate Division's remand to request a "Limited New Trial". Because there is ample evidence of record, a "Limited New Trial" is not necessary, and the plaintiffs' motion will, therefore, be denied. The Court articulates below the evidentiary standard used in rebutting the presumption of undue influence.

## FACTS AND PROCEDURAL HISTORY

The Gautiers instituted an action for cancellation of deed against their niece, Ana Latimer, alleging that Ana unduly influenced her grandmother, Anastacia Gautier in conveying to Ana certain real property located in Estate Whim, St. Croix. After a trial on December 14, 1987, this Court found that a relationship of trust and confidence existed between Ana and her grandmother which gave rise to the presumption that Ana unduly influenced her grandmother into conveying the property to Ana.

The Court found that the presumption of undue influence was rebutted, but failed to state in its finding of facts and conclusion of law whether it analyzed the rebuttal evidence by the clear and convincing evidentiary standard.

The Gautiers perfected a timely appeal and the Appellate Division of the District Court vacated the judgment and remanded for the Court to make the sole determination whether the evidentiary standard used in analyzing the rebuttal evidence with regard to the presumption of undue influence was the clear and convincing standard.

## DISCUSSION

■ It is the settled law of this jurisdiction that where the donor of a gift is aged and physically infirm and a relationship of trust and confidence exist between the donor and donee, the gift is presumed

to have been induced by fraud or undue influence. Joseph v. Eastman, 344 F.2d 9, 12 (3d 1965). The burden then shifts to the donee to establish by clear and convincing evidence that the transaction is free of undue influence and that the donor's decision to give the gift was a product of his free will. Id.

■ Ana testified at the trial that she and Mrs. Gautier shared a relationship of confidence and trust, and that Mrs. Gautier depended on her for Mrs. Gautier's everyday maintenance and the conducting of her business affairs. The presumption of undue influence was therefore established.

■■ There is ample evidence of record, however, that Mrs. Gautier's will was not overpowered and that of Ana's substituted in its stead when Mrs. Gautier executed the deed. In the case, sub judice, as in every other case which is brought before this forum, the trier of fact is the sole judge of the credibility of witnesses. The interest in the outcome of the dispute is perhaps the most significant factor in determining the credibility of a witness.

The plaintiffs' main witnesses were the plaintiffs themselves. They all testified, and the record so corroborates, that Mrs. Gautier was approximately eighty years old, partially deaf, suffered from arthritis and neither spoke nor read English. There is even evidence that Mrs. Gautier was admitted to the hospital in May, 1983, the same month she executed the deed, even though it is not clear what were the reasons for Mrs. Gautier's admission to the hospital.

There is no showing, however, that the independent wishes of Mrs. Gautier were not satisfied by the conveyance. There is clear and convincing evidence that Mrs. Gautier fully understood the import of her action. Mr. Enrique Rodriquez, the person who drafted the deed, testified that he was approached by Mrs. Gautier and asked to draft a deed conveying the property to Ana. He further testified that he consulted with two attorneys as to the appropriate document which would satisfy Mrs. Gautier's wishes. Rodriquez also testified that he explained the consequences of the deed to Mrs. Gautier and informed her that she could convey the property to Ana and retain a life estate. Rodriquez claimed that Mrs. Gautier informed him that she wanted to make a full and complete conveyance to Ana, for she was confident that Ana would take care of her until she died.

Joanne Chenet, the notary public who acknowledged the deed, testified that before Mrs. Gautier marked her X on the deed, she explained the contents of the deed to Mrs. Gautier and asked her if it

were her independent wish to make the conveyance to Ana. Mrs. Chenet testified that Mrs. Gautier informed her that it was her independent wish to make the conveyance, she fully understood what she was doing; and that she wanted to give the property to Ana because Ana had been very kind and loving to her.

Mrs. Chenet's testimony was corroborated by the testimonies of Mr. Samuel Bough and Mr. Leslie Chenet, the two witnesses. Mr. Bough testified that Mrs. Gautier appeared to be of sound mind when she affixed her X to the deed. He further testified that he translated the deed from English to Spanish for Mrs. Gautier, and Mrs. Gautier acknowledged that she understood the import of the deed. Mr. Bough also testified that Mrs. Gautier informed him that she wanted to convey the property to Ana because Ana had taken care of her and had been very kind and loving. Mr. Bough concluded his testimony by stating that Mrs. Gautier affixed the X on the deed unassisted by anyone and of her own volition.

Mr. Chenet's testimony mirrored that of Mr. Bough's. The last witness for the defendant was Mrs. Carmen Quinones Semper, a cousin of the parties. Mrs. Semper testified that on three occasions prior to May 3, 1983, Mrs. Gautier mentioned to her that she wanted to convey the property to Ana because Ana had taken care of Mrs. Gautier and had been kind and loving. Mrs. Semper testified that Mrs. Gautier was of sound mind at all times when she mentioned the conveyance. Even though Mrs. Semper was not present when Mrs. Gautier executed the deed, she testified that she believed Mrs. Gautier executed the deed on her own volition because Mrs. Gautier had mentioned her intentions to her and seemed determined to effectuate the conveyance. Mrs. Semper further testified that she believed the X's which were affixed to the deed as Mrs. Gautier's signature were authentic because Mrs. Gautier had made similar X's on her social security checks when she accompanied Mrs. Gautier to cash her checks and shop.

When the testimonies of the plaintiffs' witnesses are squared with those of the defendant's witnesses, the Court's judicial conscience is satisfied that the conveyance was the voluntary and well understood act of Mrs. Gautier's mind and was fair and just. As recounted above, the plaintiffs' main witnesses were themselves. The plaintiffs undoubtedly had an interest in the outcome of the dispute. Their credibility is therefore suspect. In contrast, the defendant's witnesses, with the exception of Ana, had little or no interest in the outcome of

the dispute. They all testified that Mrs. Gautier was of sound mind when she executed the deed, and it was her independent wish to compensate Ana with the conveyance of the property because of the love and kindness Ana had shown her. Undoubtedly Mrs. Gautier was influenced by Ana, but not all influence is undue influence. Here, the evidence clearly and convincingly indicates that Mrs. Gautier's conveyance was influenced by the love and compassion that Ana had shown her.

The plaintiffs' bone of contention with this conveyance seems to be that they were not given notice of the conveyance prior to the execution of the deed. This Court knows of no property law principle which stands for the proposition that an individual must notify or consult with her family before she makes a conveyance of her property.

## CONCLUSION

In view of the above, the Court finds that Mrs. Gautier's conveyance of the property to Ana was done pursuant to her informed and independent wish. The presumption of undue influence which arose because of Mrs. Gautier's infirmity and the relationship of confidence and trust which existed between Ana and Mrs. Gautier has, therefore, been rebutted by clear and convincing evidence.

## ORDER

This matter is before the Court on remand from the District Court. In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that the presumption of undue influence which arose because of Mrs. Anastacia Gautier's infirmity and the relationship of confidence and trust which existed between her and Ana has been rebutted by clear and convincing evidence, and it is further

ORDERED that defendant's action to set aside the deed executed May 3, 1983 conveying Anastacia Gautier's interest in Plots No. 7, 7a, 7g and 7d Estate Whim, West End Quarter, St. Croix, Virgin Islands is dismissed with prejudice.