**Randall Eugene CANNON, Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. PC-96-1325.**

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1997.

Brian Lester Dupler, Sandra Mulhair Cinnamon, Appellate Defense Counsel, Capital Post-Conviction Division, Oklahoma Indigent Defense System, for Petitioner.

***ORDER DENYING APPLICATION FOR POST-CONVICTION RELIEF, REQUEST FOR EVIDENTIARY HEARING AND MOTION FOR DISCOVERY***

CHAPEL, Presiding Judge:

Randall Eugene Cannon was tried by jury before the Honorable Thomas C. Smith in the District Court of Oklahoma County, Case No. CRF-85-3254. He was convicted of First Degree Malice Aforethought Murder in violation of 21 O.S.1981, § 701.7(A); Third Degree Arson, in violation of 21 O.S.1981, § 1403(A); First Degree Rape, in violation of 21 O.S.1981, § 1114(A); and Forcible Anal Sodomy, in violation of 21 O.S.1981, § 886. The jury found 1) the murder was especially heinous, atrocious, or cruel; and 2) the murder was for the purpose of avoiding arrest or prosecution. Cannon was sentenced to death for the murder conviction, ten years imprisonment for arson, forty years for rape, and twenty years for larceny. Cannon appealed his judgments and sentences to this Court. We affirmed the convictions for murder and arson but reversed the convictions for rape and sodomy for insufficient evidence.[1] This Court denied Cannon's petition for rehearing and the United States Supreme Court denied Cannon's petition for certiorari.[2]

On October 23, 1996, Cannon filed an Application for Post-Conviction Relief di-

1. *Cannon v. State,* 904 P.2d 89 (Okl.Cr.1995).

2. *Cannon v. Oklahoma,* — U.S. —, 116 S.Ct. 1272, 134 L.Ed.2d 219 (1996).

rectly with this Court.[3] We recently reaffirmed the narrow scope of review available on collateral appeal.[4] A petitioner may only raise those issues which were not and could not have been raised in a direct appeal and support a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent.[5] This Court reviews each application to determine whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, whether the grounds for relief were or could have been previously raised, and whether relief may be granted.[6] We will narrowly construe these amendments in accordance with the legislature's intent to honor the principle of finality of judgment.[7] The Post-Conviction Procedure Act is not intended to provide a second appeal.[8] We will consider neither issues raised on direct appeal and therefore barred by **res judicata**,[9] nor issues waived because they could have been raised on direct appeal but were not.[10] We will not address Cannon's proposition barred by waiver.[11]

In Proposition I Cannon claims that trial counsel was ineffective for failing to conduct reasonable investigation and present relevant mitigating evidence in the second stage of his trial. Cannon admits that counsel presented mitigating evidence but argues that counsel was ineffective in failing to consult a psychologist or conduct investigation into the possibility of psychiatric impairment and childhood sexual abuse. To be properly before the Court on post-conviction, this claim of ineffective assistance of trial counsel must require fact-finding outside the direct appeal record.[12]

To support his contention that this ineffective assistance of trial counsel claim requires fact-finding outside the direct appeal record and thus should not be held waived, Cannon submits (1) an investigator's affidavit stating that his trial attorney had no strategic reason for his failure to explore mental health issues in mitigation; (2) results

3. 22 O.S.Supp.1995, § 1089 provides that an original application for post-conviction relief shall be filed with this Court rather than the District Court in which the case was tried. The revised capital post-conviction procedures do not require that the State respond to the original Application, and no State response was filed.

4. *Walker v. State*, 933 P.2d 327, 331–32 (Okl.Cr. 1997).

5. 22 O.S.Supp.1995, § 1089(C)(1), (2).

6. 22 O.S.Supp.1995, § 1089(D)(4)(a).

7. *Walker*, 933 P.2d at 331.

8. *Walker*, 933 P.2d at 330; *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr.1995).

9. *Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied*, — U.S. —, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler v. State*, 873 P.2d 1053, 1056 (Okl.Cr.), *cert. denied*, — U.S. —, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994); *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994).

10. *Moore*, 889 P.2d at 1255–56; *Fowler*, 873 P.2d at 1056–57; *Johnson v. State*, 823 P.2d 370, 372–73 (Okl.Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

11. Proposition of error barred by waiver:

II. The state and federal constitutional guarantees to the assistance of counsel, and evolving societal standards demanding heightened reliability in capital sentencing, warrant the mandatory appointment of two trial lawyers to represent every person accused of a capital offense. Cannon's death sentence, imposed in violation of these constitutional standards, must be vacated. [Cannon also contends that failure to raise this issue constitutes ineffective assistance of appellate counsel. Cannon has presented no authority requiring this Court to mandate appointment of co-counsel in every capital case, and we will not so infringe on the province of the legislature. Cannon admits that co-counsel was appointed in his case. As we do not find that, if these allegations were true, appellate counsel's performance would constitute the denial of reasonably competent assistance under prevailing professional norms, the allegation of ineffective assistance of appellate counsel is denied. 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).]

12. 22 O.S.Supp.1995, § 1089(D)(4)(b). This Court has held that a claim of ineffective assistance of counsel based on matters presented to the trial court and included in the record on appeal should be raised on direct appeal, and is waived if not raised at that time. *Boyd v. State*, 915 P.2d 922, 926 (Okl.Cr.1996); *Berget v. State*, 907 P.2d 1078, 1082–85 (Okl.Cr.1995), *cert. denied*, — U.S. —, 116 S.Ct. 2505, 135 L.Ed.2d 195 (1996).

of neuropsychological testing conducted during post-conviction investigation; and (3) a letter from a professor of neurology interpreting the test results along with other information provided by Cannon. This material constitutes part of the record before us on post-conviction, and we have reviewed it to determine if this issue must be remanded for a hearing in the district court.[13]

While the information set forth in these affidavits was not in the direct appeal record, Cannon has failed to establish that appellate counsel could not have obtained it for purposes of raising an ineffective assistance of trial counsel claim on direct appeal. This Court may not review Cannon's capital post-conviction claims of ineffective assistance of trial counsel "if the facts generating those claims were available to [his] direct appeal attorney and thus either ***were*** or ***could have been*** used in his direct appeal." [14] Cannon's ineffective assistance of trial counsel claim is waived because it could have been raised on direct appeal but was not. Proposition I is denied.

In Proposition III Cannon claims his constitutional rights were violated when this Court held that reversing his rape and sodomy convictions did not require reversal or modification of his murder conviction or death sentence. On direct appeal, we reversed Cannon's convictions for rape and sodomy because there was insufficient evidence in the record to support those convictions.[15] We noted that this decision did not require reversal of the murder and arson convictions since the evidence introduced in support of the sex offenses would have been admissible as part of the **res gestae** of the crime, and we concluded that the jury was not affected by these convictions when imposing death because sufficient other evidence supported the aggravating circumstances.[16] Cannon offers an affidavit in which one juror states that the evidence of rape "wasn't the main thing" but "would have something to do with" his decision to impose the death penalty.

Cannon's claim could not have been raised on direct appeal, and thus meets the first prerequisite to capital post-conviction review. However, this claim does not support a conclusion that the outcome of the trial would have been different had the jury not considered the reversed convictions, and thus does not meet the second prerequisite to capital post-conviction review. The juror in question emphasized that his decision in Cannon's trial was based on "all the facts". This emphasis supports this Court's conclusion on direct appeal that the reversed rape and sodomy convictions could not have affected the jury's determination of guilt on the murder charge, since the jury would have heard evidence of sexual assault as part of the **res gestae** of the crime. This assertion also does not affect our conclusion, made after careful review of the evidence, that sufficient evidence supported the aggravating circumstances in the absence of the convictions for rape and sodomy. The juror here referred to "facts" which would have been before him in any case, and averred that the rape was not "an extra factor" which made Cannon deserving of death. Proposition three is denied.

In Proposition IV Cannon claims that he should be granted liberal leave to amend and supplement this application since his claims cannot be and have not been fully developed at the time this application for relief was filed. We must emphasize again

**13.** 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Material submitted to this Court with the original application for post-conviction relief constitutes the record on post-conviction. Section 1089(D)(4)(b)(1) clearly implies that material will be presented to this Court for the first time in order to facilitate claims of ineffective assistance of trial counsel requiring fact-finding outside the direct appeal record. This Court need not remand these claims for an evidentiary hearing if our review of the material presented shows that the material either (1) does not require fact-finding outside the appeal record, or (2) contains no controverted, previously unresolved issues of fact material to a petitioner's confinement. If we determine that either of these conditions exists, we will remand the issue for a hearing in the district court, as required by § 1089(D)(5).

**14.** *Walker,* 933 P.2d at 332 (footnote omitted) (emphasis in original).

**15.** *Cannon,* 904 P.2d at 102.

**16.** *Id.* at 102–03.

the legislature's intent to impose narrow and restrictive limits on the scope of post-conviction review. The amended post-conviction act and our Rules prohibit any amendment or supplementation of an application after the deadlines provided by statute, and provide that any proposed supplementation shall be treated as a subsequent application.[17] The amended post-conviction act would allow subsequent applications only where a petitioner can establish that the issues raised in a subsequent application were factually or legally unavailable at the time of the original application.[18] This Court has no authority to grant any petitioner leave to supplement or amend an original application for relief. This proposition is denied.

Finally, in Proposition V, Cannon requests an evidentiary hearing. He specifically wishes to explore mental health issues, potential (though entirely speculative) issues of exculpatory evidence, and issues of potential childhood sexual abuse for use as mitigating evidence. Cannon speculates that, given more time, he might develop propositions of error based on potential issues of exculpatory evidence.

This Court may issue any orders necessary to facilitate post-conviction review if we determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement may exist.[19] We have reviewed the materials presented in support of this request. As Cannon's claims present no controverted, previously unresolved material factual issues, no evidentiary hearing is necessary.[20] Proposition V is denied.

We have carefully reviewed Cannon's applications for post-conviction relief and an evidentiary hearing, and find that he is not entitled to relief. The Application for Post-Conviction Relief and Application for an Evidentiary Hearing are **DENIED.**

STRUBHAR, V P.J., LANE and JOHNSON, JJ., concur.

LUMPKIN, J., concurs in result.

LUMPKIN, Judge, concurs in result:

I concur, based on *stare decisis*, in the discussion dealing with ineffective counsel. *See Walker v. State,* 933 P.2d 327, 341–43 (Lumpkin, J., concur in results). I also write separately to further discuss briefly the so-called first "prong" of the test this Court uses for ineffective counsel in post-conviction proceedings.

This case, together with the other cases applying the *Walker* methodology, graphically illustrates the point I made in *Walker.* Simply requiring a petitioner to show "appellate counsel actually committed the act which gave rise to the ineffective assistance allegation," *Walker,* 933 P.2d at 333, is in reality—at least on the surface—no requirement at all, and does nothing to differentiate one case from another. As I do not believe this Court actually committed time and resources toward the formulation of a test the first part of which is essentially worthless, I must conclude there is more to this first "prong" than meets the eye. There must be more of a requirement to satisfy the prong than merely allowing post-conviction counsel to raise it in the brief.[1] For instance, the prong would have more meaning if a petitioner were required to show, in connection with the ineffective counsel allegation, that some objective factor external to the defense prevented counsel from raising the claim in the direct appeal or in a timely motion for new trial. *See,. e.g., McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Mur-*

17. 22 O.S.Supp.1995, § 1089(D)(2); Rule 9.7(B)(3), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18 App.

18. 22 O.S.Supp.1995, § 1089(D)(8).

19. 22 O.S.Supp.1995, § 1089(D)(3).

20. On November 6, 1996, Cannon filed a motion for discovery. This motion is not timely filed, and this Court is unable to consider it. Rule 9.7(D)(2), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18 App.

1. We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.

*ray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

I need not get into an extensive discussion at this point. Suffice it to say here that, as more cases are presented to this Court, it may become necessary to elucidate with more precision exactly what requirements must be met to satisfy the first prong of this new test.

I also disagree with the discussion of Proposition III. The issue regarding the reversal of the rape and sodomy convictions is a matter which could have been raised in a Petition for Rehearing. Regardless, res judicata now bars the consideration of the issue as a part of the post-conviction process. In addition, the attempt to impeach a verdict through a juror statement is improper and should be denied.