Ernest Marvin **CARTER**, Petitioner,

v.

**STATE of Oklahoma, Respondent.**

**No. PC–96–48.**

Court of Criminal Appeals of Oklahoma.

March 26, 1997.

Gary M. Chubbuck, Oklahoma City, Randy Bauman, Oklahoma Indigent Defense System, Norman, for petitioner.

W.A. Drew Edmondson, Attorney General, Sandra D. Howard, Assistant Attorney General, Chief, Criminal Appeals, Oklahoma City, for State.

### OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

LUMPKIN, Judge:

Petitioner Ernest Marvin Carter has appealed to this Court from an order of the District Court of Oklahoma County denying his application for post-conviction relief in

Case No. CRF–90–1012. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Carter v. State*, 879 P.2d 1234 (Okl.Cr.1994). Rehearing was denied by this Court September 21, 1994. The United States Supreme Court subsequently denied certiorari review. *Carter v. Oklahoma*, 513 U.S. 1172, 115 S.Ct. 1149, 130 L.Ed.2d 1107 (1995). Petitioner's application for post-conviction relief was filed in the District Court of Oklahoma County, July 21, 1995. Relief was denied in an order dated January 5, 1996. It is that denial which Petitioner now appeals.

■ This Court's consideration of claims on post-conviction is strictly limited by the provisions of the Uniform Post–Conviction Procedure Act. 22 O.S.1991, § 1080–1089 [1]. All grounds for relief must be raised in the original, supplemental or amended application unless the petitioner shows sufficient reason why a ground for relief was not previously asserted or that a ground for relief was inadequately raised in a prior application. The Post–Conviction Procedure Act is not intended to provide a second appeal. *Fox v. State*, 880 P.2d 383, 384–385 (Okl.Cr.1994); *Ellington v. Crisp*, 547 P.2d 391, 393 (Okl.Cr. 1976). The application of the act is limited to only those claims which, for whatever reason, could not have been raised on direct appeal. *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr. 1985). This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*, nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not. *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Hale v. State*, 807 P.2d 264, 266–67 (Okl.Cr. 1991). Therefore, we will not address Petitioner's propositions which are barred by waiver or *res judicata*.

■ In his first proposition of error, Petitioner asserts that the felony Information filed against him was insufficient to invoke subject matter jurisdiction of the trial court. This is an issue which could have been raised on direct on appeal, but was not. Therefore, further consideration of the issue is waived.

■ In his second proposition of error, Petitioner asserts the Oklahoma death penalty statutes and Oklahoma's death penalty scheme are unconstitutional under both the State and Federal constitutions: A) the death penalty statutes violate Article 7, § 15 of the Oklahoma Constitution requiring a general verdict; B) the death penalty statutes and death penalty scheme are unconstitutional because no adequate standards and procedures control and limit prosecutorial discretion in determining which cases are appropriate for the death penalty; C) the death penalty statutes and death penalty scheme fail to provide adequate resources and adequate funding to provide capital defendants with effective assistance of counsel and a meaningful defense; D) the death penalty statutes and death penalty scheme fail to insure that Oklahoma's judiciary is independent of public opinion; E) the death penalty statutes and death penalty scheme are unconstitutional because the court's procedures for maintaining a record of the trial proceedings are inadequate for appropriate review by appellate courts; F) the death penalty statutes and death penalty scheme do not narrow the class of persons eligible for the death sentence, and allow the sentencer to impose the sentence of death on anyone found guilty of first degree murder; G) other developments in criminal jurisprudence and scientific analysis of the effects of the death penalty establish that the penalty is cruel and unusual; and H) the application and enforcement of Oklahoma's death penalty statutes and death penalty scheme in the present case is unconstitutional because the trial court failed to take reasonable steps to insure that Petitioner received a fair trial.

Consideration of this proposition of error on the merits is also procedurally barred.

---

1. A completely redesigned post-conviction procedure has gone into effect since Petitioner's case was filed. *See* 22 O.S.Supp.1995, §§ 1088.1, 1089; 22 O.S.Supp.1996, Ch. 18, app. *Rules of the Court of Criminal Appeals*, Rule 9.7. Petitioner's case was filed under the post-conviction procedure which existed before the new law went into effect on November 1, 1995. In noting this change, we in no way express whether or not Petitioner's claims would be viable under the new post-conviction procedure act.

On direct appeal, Petitioner challenged the constitutionality of the state death penalty statutes arguing they allowed for unbridled prosecutorial discretion in seeking the death penalty and that they require the jury to make specific findings of fact in violation of Article 7, § 15 of the Oklahoma Constitution. These claims were addressed and rejected by this Court. Raising these claims again on post-conviction, specifically claims A and B, is barred by *res judicata*. Petitioner's other challenges to the constitutionality of the state death penalty statutes, claims C through H, could have been raised on direct appeal, but were not. Therefore, further consideration of those issues is waived.

■ In the third proposition of error, Petitioner challenges the effectiveness of trial counsel arguing that he received ineffective assistance of trial counsel by counsel's failure to: A) recognize and litigate the fact that the Information was defective; B) recognize the applicability of the doctrine of estoppel as a defense to the bill of particulars so as to defeat the lone aggravating circumstance; and C) properly prepare for the capital trial in the following ways: 1) by failing to properly analyze the propriety and efficacy of having Petitioner testify at trial and to properly advise him whether he should testify in his own defense; 2) by failing to properly prepare Petitioner for cross-examination; 3) by failing to adequately investigate potential mitigation evidence and otherwise prepare for second stage proceedings; 4) by failing to prepare second stage witnesses for their testimony; 5) by failing to adequately investigate Petitioner's mental state at the time of the commission of the crime for use as potential mitigation evidence; 6) by failing to maintain a proper and serious demeanor at trial; and 7) by failing to investigate the existence of, and if they existed, to take appropriate steps to insure the retention of any audio tape recordings of the trial.

This claim of ineffective assistance of trial counsel was not raised on direct appeal, but it could have been. Each of the claims raised in the various sub-propositions above relies upon facts which can be discerned by a review of the record and upon facts within Petitioner's own personal knowledge.

Therefore, such claims must be raised on direct appeal or they are waived. *Brown v. State,* 933 P.2d 316 (Okl.Cr.1997).

Petitioner challenges the effective assistance of appellate counsel in his fourth proposition of error. In sub-proposition A, Petitioner asserts the structure of the Oklahoma County Public Defender's Office results in an inherent conflict of interest with appellate attorneys raising claims of ineffective assistance against attorneys in the trial division of the same office. This claim was addressed and rejected in *Berget v. State,* 907 P.2d 1078, 1086 (Okl.Cr.1995), wherein this Court held no inherent conflict exists within the Oklahoma County Public Defender's Office when claims of ineffectiveness are raised against fellow employees. *See Moore v. State,* 889 P.2d 1253, 1255 n. 3 (Okl.Cr.1995). Petitioner has not convinced us to reconsider this issue.

■ Petitioner also claims appellate counsel was ineffective by virtue of her failure to appeal various actual claims of error on direct appeal; 1) by failing to assert the unconstitutionality of Oklahoma's death penalty statutes and its overall death penalty scheme; 2) by failing to assert on direct appeal the trial court's lack of subject matter jurisdiction due to deficiencies in the Information; 3) by failing to assert on direct appeal the inherent inconsistency between a felony murder charge based on robbery with a dangerous weapon and the "in order to avoid arrest or prosecution" aggravator; 4) by failing to assert on direct appeal the ineffectiveness of trial counsel; 5) by failing to appeal the trial court's refusal to make inquiry into a potential juror's bias; 6) by failing to appeal the trial court's refusal to make and/or retain audio records of the proceedings; and 7) by failing to request an evidentiary hearing with respect to the trial court's bias at the appellate stage.

■ As for these claims of ineffectiveness, Petitioner has failed to show deficient performance or prejudice. The effectiveness of appellate counsel is determined under the general principles enunciated in *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct.

2052, 2065, 80 L.Ed.2d 674, 694 (1984): the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Hooks v. State,* 902 P.2d 1120, 1124 (Okl.Cr.1995). In assessing counsel's performance, this Court will indulge a strong presumption that counsel was competent to provide the representation the defendant needed; therefore, the burden is on the defendant to demonstrate both deficient performance and resulting prejudice. *Roberts v. State,* 910 P.2d 1071, 1077 (Okl.Cr.1996); *Fisher v. State,* 736 P.2d 1003, 1011–12 (Okl.Cr.1987), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2833, 100 L.Ed.2d 933 (1988).

We have held performance by counsel is not deficient merely because he fails to raise every conceivable issue on direct appeal. *Allen v. State,* 909 P.2d 836, 839 (Okl.Cr.1995); *see also Mayes v. State,* 921 P.2d 367, 372 (Okl.Cr.1996) (quoting *Pelmer v. White,* 877 F.2d 1518, 1523 (11th Cir.1989), we observed "[b]ecause law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance.").

Concerning the prejudice prong, the Supreme Court, in interpreting *Strickland,* has held:

[an appellant] alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S., at 687, 104 S.Ct., at 2064; *see also Kimmelman v. Morrison,* 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *Nix v. Whiteside,* 475 U.S. [157], at 175, 106 S.Ct. [988], at 998[, 89 L.Ed.2d 123 (1986)]. Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him. *See [United States v.] Cronic,* 466 U.S. [648], at 658, 104 S.Ct. [2039], at 2046[ 80 L.Ed.2d 657 (1984) ]. *Lockhart v. Fretwell,* 506 U.S. 364, 368–71, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993) (footnote omitted).

Under this standard, there is no merit to Petitioner's complaint. Having thoroughly reviewed sub-proposition B, claims 1–7, we find Petitioner has failed to show that appellate counsel's failure to raise the issues on direct appeal undermines the confidence in the direct appeal process.

In the final proposition of error, Petitioner asserts that the District Court was biased and prejudiced against his seeking post-conviction relief; the District Court, the Chief Judge of the District Court and the Chief Judge of the Court of Criminal Appeals all erred in failing to disqualify Judge Charles Owens from consideration of Appellant's application for post-conviction relief; A) all three courts erred in basing their refusal to disqualify Judge Owens on their belief that he would be impartial and fair; B) because he is an elected official, the circumstances surrounding Judge Owens' public pronouncements exacerbate already reasonable doubts about his partiality, bias and prejudice thereby heightening his obligation to disqualify himself; C) Judge Owens' rulings on Appellant's Application for Post–Conviction relief indicate his continuing bias towards such applications and demonstrate that Petitioner's fears were well founded.

■ During post-conviction proceedings in the District Court, Petitioner sought to have Judge Owens disqualified. Judge Owens refused to do so. Petitioner filed a request for rehearing which was heard by the Honorable Eugene Mathews. Judge Mathews ruled that Judge Owens could hear the matter in a fair, unbiased and impartial manner.

Petitioner appealed that ruling filing a writ of mandamus with this Court asking that Judge Owens be disqualified. This Court denied the writ of mandamus, finding that Petitioner had not shown that Judge Owens would not fairly and impartially weigh the evidence presented to him. Thus, arguments

that Judge Owens should have recused and that the district judge erred in not disqualifying him are *res judicata.*

Sub-proposition C, regarding continuing bias, is properly before this Court as the alleged impropriety occurred after this Court's ruling on the writ of mandamus. Petitioner asserts that certain rulings by Judge Owens avoided the "true issues" and reflected Judge Owens' true feelings that all post-conviction applications are frivolous and without merit.

The Order Denying Post–Conviction Relief and the included Findings of Fact and Conclusions of Law meet the requirements of 22 O.S.1991, § 1084. The order reflects rulings in accordance with applicable statutes and case law. There is no evidence of a continuing bias or personal feeling against the post-conviction process. Petitioner is not entitled to relief.

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby **AFFIRMED.**

STRUBHAR, V.P.J., and LANE and JOHNSON, JJ., concur.

CHAPEL. P.J., concurs in results.