Bobby Joe **FIELDS**, Petitioner,

v.

The **STATE** of **Oklahoma**, Respondent.

No. PC–97–536.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1997.

Gregg L. Graves, Hossein Reza Parvizian, Appellate Defense Counsel, Capital Post Conviction Division, Norman, for Petitioner on appeal.

## OPINION DENYING ORIGINAL APPLICATION FOR POST-CONVICTION RELIEF, REQUEST FOR EVIDENTIARY HEARING AND MOTION FOR DISCOVERY

LANE, Judge.

On February 7, 1994, Petitioner, Bobby Joe Fields, entered a blind plea to First Degree Felony Murder in the District Court of Oklahoma County, Case Number CF-93-1352, before the Honorable James L. Gullett,

District Judge. The State had filed a Bill of Particulars alleging the presence of three aggravating circumstances: that the crime was committed to avoid or prevent lawful arrest or prosecution; that Petitioner was previously convicted of a felony involving the use or threat of violence to the person; and that Petitioner constituted a continuing threat to society. A sentencing hearing was conducted March 28-29, 1994. On April 7, 1994, the trial court formally sentenced Petitioner to death, finding that the State had sufficiently proven the existence of all three aggravators.

On April 15, 1994, Petitioner timely filed his motion to withdraw plea. On May 13, 1994, a hearing was held and the motion was denied. On November 14, 1994, Petitioner filed his Petition for Writ of Certiorari appealing the denial of his motion to withdraw, and requesting mandatory death sentence review. On July 31, 1996, this Court denied Petitioner's Petition for Writ of Certiorari, affirming his judgment and sentence. *Fields v. State,* 923 P.2d 624 (Okl.Cr.1996) A motion for rehearing was denied on October 8, 1996. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on May 12, 1997. *Fields v. Oklahoma,* —— U.S. ——, 117 S.Ct. 1704, 137 L.Ed.2d 829 (1997).

Petitioner filed his Original Application for Post-Conviction Relief on June 9, 1997. In this first application for post-conviction relief, Petitioner raises seven propositions of error. Our consideration of these claims will be strictly limited by the statutory rules which establish our authority in post-conviction matters. 22 O.S.Supp.1996, § 1080, et seq.

■■■■ We reiterate here the narrow scope of review available on collateral appeal. The Post-Conviction Procedure Act was neither designed nor intended to provide petitioners with another direct appeal. *Fox v. State,* 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995). The Post-Conviction statutes have never provided applicants with more than very limited grounds upon which to attack their final judgments. Accordingly, post-conviction claims which could have been raised in prior appeals but were not are generally considered waived. *Moore v.*

*State,* 889 P.2d 1253, 1255–56 (Okl.Cr.), *cert. denied,* —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995). Post-conviction claims which were raised and addressed in previous appeals are barred by *res judicata. Moore,* 889 P.2d at 1255. These procedural bars still apply to claims raised under amended Section 1089. However, under the amended statute, only those capital post-conviction claims that were not and could not have been raised on direct appeal will escape being waived or barred by *res judicata.* 22 O.S.Supp.1996, § 1089(C)(1).

■ The statute specifically and narrowly defines a post-conviction claim which could not have been raised on appeal as either (1) an ineffective assistance of trial or appellate counsel claim that meets the criteria for raising a claim of ineffective assistance of trial or appellate counsel,[1] or where (2) the legal basis of the collaterally asserted claim

(a) was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state ... or (b) is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state....

22 O.S.Supp.1996, § 1089(D)(9)(a) & (b). Assuming a post-conviction claim is not procedurally barred and falls within one of the above referenced categories, Petitioner's claims will only be afforded collateral review if, in addition to meeting the initial criteria, they "[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the Defendant is factually innocent." 22 O.S.Supp.1996, § 1089(C)(2). Recognizing the legislature's intent to honor and preserve the legal principle of finality of judgment, we will narrowly construe the post-conviction amendments to reflect that intent.

■ Petitioner claims as his first proposition of error that his death sentence is constitutionally invalid because he is factually innocent of capital murder. Petitioner claims that this issue could not have been raised on direct appeal because of the limited review afforded by the appeal of the denial of his application to withdraw guilty plea pursuant to Rule 4.2, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18, App. Alternatively, Petitioner claims that appellate counsel was ineffective for failing to raise this claim on direct appeal.

All of the facts available to Petitioner at this juncture were available to him when he entered his guilty plea, filed his motion to withdraw that plea and filed his Petition for Certiorari appealing the denial of his motion to withdraw the plea. This issue could have been raised in Petitioner's motion to withdraw plea as an attack on the factual basis. Therefore, this issue is waived unless Petitioner can show that trial and/or appellate counsel were ineffective.

■ Under the strict terms of the new statute, an ineffective assistance of trial counsel claim could not have been raised on direct appeal if it required "factfinding outside the direct appeal record,...." *Walker v. State,* 933 P.2d 327, 332 (Okl.Cr.1997), *cert. denied,* —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024, 22 O.S.Supp.1996, § 1089(D)(4)(b)(1). Ineffective assistance of trial counsel claims are properly raised and may only be considered on post-conviction if they are based upon facts which were not available to Petitioner's direct appeal attorney and therefore could not have been made part of the direct appeal record. *Walker,* 933 P.2d at 332. Items requiring fact finding outside the direct appeal record do not include items trial counsel had the ability to discover. *Id.* This Court is prohibited from considering Petitioner's ineffective assistance of trial counsel claims if the facts supporting those claims were available to Petitioner's direct appeal counsel, and either were or could have been used in his direct appeal. 22 O.S.Supp.1996, § 1089(D)(4)(b)(1).[2]

---

**1.** 22 O.S.Supp.1996, § 1089(D)(4)(b)(1) & (2).

**2.** This reflects the view of the majority of this Court. I continue to hold to my opinion as expressed in my special vote in *Conover v. State,* 942 P.2d 229, 234, (Okl.Cr.1997)(Lane, J. Concur in Result).

■ The facts supporting Petitioner's claim of ineffective trial counsel in proposition one were available to his direct appeal counsel; therefore, we cannot consider whether trial counsel was ineffective for failing to raise the substantive claim. Finally, Petitioner claims that ineffective assistance of appellate counsel entitles him to relief. Petitioner has the burden of establishing that his alleged claim "could not have been previously raised" and thus is not procedurally barred. To do so, Petitioner's claim must be

> a *claim* contained in an original timely application for post-conviction relief *relating* to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the *allegations* in the application [of ineffectiveness] were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms . . . .

22 O.S.Supp.1996, § 1089(D)(4)(b)(2) (emphasis added). In the event this Court determines that appellate counsel was ineffective, we may then consider the allegedly mishandled claim during the post-conviction proceeding or, if appropriate, during the direct appeal. *Id.*

Pursuant to these guidelines, the initial inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance claim. Having established this, the next question is whether such performance was deficient under the first prong of the two-pronged *Strickland*[3] test. At this point, we do not apply the prejudice portion of *Strickland.* It is Petitioner's burden to set forth sufficient facts and law which allow this Court to fully assess appellate counsel's allegedly deficient performance. *Walker,* 933 P.2d at 332. Upon meeting this burden, sufficient to prove deficient attorney performance, this Court may then consider the substantive claim presented for review. At that point, the question becomes whether such a claim meets the second prerequisite to capital post-conviction review, namely that the claim supports a conclusion that either the outcome of the trial would have been different but for the error(s) or that the

defendant is factually innocent. 22 O.S.Supp. 1996, § 1089(C)(2).

■ Petitioner claims that appellate counsel failed to raise meritorious issues of ineffective assistance of trial counsel, specifically that trial counsel failed to attack the factual basis of the plea at the motion to withdraw plea hearing. The record reveals that appellate counsel failed to raise this claim. Therefore, Petitioner has satisfied the threshold inquiry.

The next level of inquiry, whether appellate counsel's omission of this claim constituted deficient performance of appellate counsel, is not supported by any evidence presented by Petitioner in his application, other than the citations and authorities supporting the substantive claim. After evaluating appellate counsel's performance, in light of the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and recognizing that there are countless ways to provide effective assistance, we find that Petitioner has failed to support his claim of ineffective assistance of appellate counsel. *Walker,* 933 P.2d at 332. Because Petitioner has failed to show that appellate counsel's conduct on direct appeal was ineffective, his substantive claim remains barred and will not be considered on the merits. *McGregor v. State,* 935 P.2d 332, 336 (Okl.Cr.1997).

■ In propositions two through five, Petitioner claims that he was denied effective assistance of appellate counsel as a result of counsel's failure to adequately investigate and present certain substantive issues. In proposition two, Petitioner first claims that, even though appellate counsel raised issues regarding the voluntariness of Petitioner's plea, appellate counsel was ineffective for failing to further investigate the effect of trial counsel's influence over Petitioner's psyche and Petitioner's decision to enter a blind plea of guilty. We first note, as Petitioner admits, that this issue was properly raised on direct appeal. All of the evidence relied on in this petition was available to counsel, and this issue was thoroughly litigated at the motion to withdraw hearing and

---

**3.** *Strickland v. Washington,* 466 U.S. 668, 677– 78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).

properly presented in the Petition for Certiorari. The fact that counsel does not use all available information to persuade the trier of fact that a plea was entered unknowingly and involuntarily is one of strategy and does not amount to ineffective assistance of counsel.

 Petitioner next argues that "trial" counsel [counsel representing Petitioner up to and including the plea hearing, and counsel representing Petitioner at the motion to withdraw hearing] and appellate counsel were acting under a conflict of interest as a result of their employment with the Oklahoma County Public Defender's office. We note that appellate counsel raised the issue of ineffective assistance of trial counsel in Petitioner's direct appeal. We begin with the presumption that no inherent conflict exists within the Oklahoma County Public Defender's office when claims of ineffectiveness are raised against fellow employees. *Carter v. State*, 936 P.2d 342, 345 (Okl.Cr.1997). Petitioner claims that a conflict of interest exists because trial counsel previously represented another suspect in this crime and witnesses testifying against Petitioner at the preliminary hearing and/or sentencing hearing were represented on unrelated cases by members of the Oklahoma County Public Defender's office. This is an issue that could have been raised on direct appeal. Petitioner has not shown how appellate counsel was ineffective for failing to raise these issues other than the fact that appellate counsel was a co-employee of trial counsel. This fact alone is not enough to show that appellate counsel was ineffective. *Carter*, at 345. Therefore, we cannot say that appellate counsel was ineffective for failing to raise this issue.

 In proposition three, Petitioner claims that appellate counsel was ineffective for failing to propose that trial counsel failed to fully investigate and present evidence of mitigating factors at sentencing. We first note that appellate counsel did raise, as a part if his ineffective trial counsel claim, that trial counsel failed to present enough mitigation evidence. Whether appellate counsel was ineffective for failing to sufficiently attack trial counsel's performance is another matter.

The record reveals that appellate counsel did raise the substantive claim, but did not support the claim with any additional mitigating evidence, therefore the Petitioner has satisfied the threshold inquiry. To support the contention of deficient performance, Petitioner has submitted an affidavit from appellate counsel stating that he did not perform an extensive investigation outside the record because the law in effect at the time he filed the Petition for Certiorari "provided that 'supplementation of the record with evidentiary matter not originally brought before the trial court will not be allowed....' Rule 3.11(B)(3), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. Title 22, Ch. 18, App. (Supp.1994)(Effective Sep. 14, 1994)."

 We discussed this exact issue in *Brown v. State*, 933 P.2d 316, 320–22 (Okl.Cr. 1997). As in *Brown*, at the time of Petitioner's direct appeal, supplementation of the appeal record with affidavits was not permitted, but a request for an evidentiary hearing on the issue of ineffective trial counsel could have been submitted to this Court. *cf.* Rule 3.11, *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1994, Ch. 18, App. An appellant cannot wait until post-conviction to raise a claim if the facts underlying the claim could have been discovered earlier in the appeal process. *Brown*, 933 P.2d at 321. Therefore, we hold that the reason for appellate counsel's failure to raise the substantive claim of ineffective assistance of trial counsel is unpersuasive. Petitioner has failed to show that appellate counsel's conduct fell outside the wide range of reasonable professional assistance. *Scott v. State*, 942 P.2d 755, 759–60 (Okl.Cr.1997). Therefore, Petitioner's substantive claim regarding the failure to fully investigate and present mitigating evidence remains barred. *Id.*

 In proposition four, Petitioner complains that he was denied effective assistance of appellate counsel as a result of counsel's failure to investigate and present evidence of "concessions" granted certain State's witnesses in exchange for their testimony against Mr. Fields. In using the analysis for ineffective assistance of appellate counsel, we find that Petitioner was not denied effective appellate counsel in regard to this issue.

Therefore, any substantive claim forming the basis for the ineffective assistance claim remains barred. *Scott,* 942 P.2d at 760.

■ Petitioner's proposition five complains that appellate counsel was ineffective for failing to raise a sixth amendment claim based on the trial courts bias which stemmed from being exposed to matters outside the record, *exparte* communications with trial counsel and having relatives which were victims of similar crimes. Petitioner admits that appellate counsel raised these claims under a proposition relating to whether Petitioner's guilty plea was entered knowingly and voluntarily (claiming that Petitioner would not have pled guilty if he knew of these facts). In our Opinion Denying Writ of Certiorari we held that there was nothing in the record to indicate that the trial court's refusal to allow Petitioner to withdraw his guilty plea was the result of prejudice, bias or partiality. *Fields v. State,* 923 P.2d at 636. Under our mandatory sentence review we held that the sentence of death was based on the evidence and was not imposed under the influence of passion, prejudice or any other arbitrary factor. *Fields,* at 637. Our decision there is *res judicata* and bars our review of this claim.

In Proposition six, Petitioner claims that he has been denied an adequate appellate and corrective review process, first, by claiming that Oklahoma's Post–Conviction procedure act is unconstitutional and unconstitutionally applied, especially in light of the fact that his direct appeal was completed prior to the most recent amendment. We have rejected this same argument in *Hatch v. State,* 924 P.2d 284, 292–93 (Okl.Cr.1996). We find no reason to reverse our previous holding.

Secondly, Petitioner's counsel seems to be saying that he is ill prepared because he has not been given discovery or an evidentiary hearing, and he has not had sufficient time to complete an adequate post-conviction application. Counsel for Petitioner has not shown how further discovery, an evidentiary hearing, or more time will change the outcome of this case.

In Petitioner's final proposition, he claims that the cumulative effect of the errors deprived him of constitutional rights and re-

quire reversal of the judgment and sentence. Proposition I is waived; the allegations of ineffective assistance of trial counsel are barred, and the allegations of ineffective assistance of appellate counsel are denied; Proposition VI is denied. As we find no error, Proposition VII is denied.

■ Petitioner also requests an evidentiary hearing and discovery. Petitioner is not entitled to an evidentiary hearing on post-conviction, but this Court may issue any orders necessary to facilitate post-conviction review if we determine that controverted, previously unresolved factual issues material to the legality of the applicant's confinement may exist. 22 O.S.Supp.1996, § 1089(D)(3). We have reviewed the materials presented in support of this request, and find that no controverted, previously unresolved material issues of fact exist. Petitioner's request for an evidentiary hearing is denied.

■ Discovery is not required in post-conviction proceedings. *Rojem v. State,* 925 P.2d 70, 74 (Okl.Cr.1996). Petitioner does not allege that the State withheld any exculpatory evidence or other material it was obliged to disclose prior to trial. He specifically requests discovery of any and all notes and evidence compiled and/or collected by the Oklahoma City police department and Oklahoma County District Attorney office regarding witnesses called by the State to testify against Petitioner. Petitioner also requests discovery of any and all notes compiled, created or collected by Judge Gullet, Bob Martin, or the Oklahoma County District Attorney's office in connection with discussion between Judge Gullet and either Bob Martin, Catherine Burton and representatives of the District Attorney's office regarding Petitioner, his case, the potential for a blind plea and the sentence that would be imposed. Petitioner also requests discovery of any and all notes compiled, created or collected by Judge Gullet or his staff regarding the viewing of a video taped interview between Petitioner and three Oklahoma City Police officers.

■ A petitioner seeking post-conviction relief has no right to obtain the prosecution's

entire file. *Pickens v. State,* 910 P.2d 1063, 1071 (Okl.Cr.1996). Petitioner shows neither that possession of these documents, if they exist, is necessary to present any specific issue on post-conviction nor that they contain information relevant to any material, previously unresolved factual issue. Petitioner has neither overcome the presumption of compliance with earlier discovery orders nor shown that this material would have resulted in a different outcome. Rule 9.7(D)(3), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch. 18 App. The request for discovery is denied.

We have carefully reviewed Petitioner's applications for post-conviction relief, discovery and an evidentiary hearing, and find that Petitioner is not entitled to relief. The Application for Post–Conviction Relief and Application for an Evidentiary Hearing and Discovery are **DENIED**.

CHAPEL, P.J., concurs in results.

STRUBHAR, V.P.J, and LUMPKIN and JOHNSON, JJ., concur.