1998 OK CR 60

**Jessie James CUMMINGS, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–98–134.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1998.

Judith G. Menadue, Kevin H. Pate, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

OPINION DENYING POST–CONVICTION RELIEF MOTION FOR EVIDENTIARY HEARING MOTION FOR LEAVE TO CONDUCT DISCOVERY AND MOTION TO SUPPLEMENT THE RECORD

STRUBHAR, V.P.J.:

¶1 Petitioner, Jessie James Cummings, was tried by a jury and convicted of First Degree Malice Murder (Count I) and First Degree Felony Murder (Count II) in the District Court of Coal County, Case No. CF–94–32. In accordance with the jury's recommendation he was sentenced to death on both Counts I and II. Petitioner appealed this Judgment and Sentence to this Court. In *Cummings v. State*, 1998 OK CR 45, 968

P.2d 821, 69 OBJ 2901, this Court affirmed Petitioner's Judgment and Sentence on Count II, and reversed with instructions to dismiss his Judgment and Sentence on Count I. Petitioner subsequently filed with this Court an application for post-conviction relief.

¶2 Under the Post–Conviction Procedure Act, the only issues that can be raised on post-conviction are those that "[w]ere not and could not have been raised in a direct appeal ... and ... [which] [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(1) & (2). On review, this Court will determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, (2) whether the applicant's grounds were or could have been previously raised, and (3) whether relief may be granted...." 22 O.S.Supp.1995, § 1089(D)(4)(a). Further, this Court will not consider issues which were raised on direct appeal and are barred by *res judicata*, or issues which have been waived because they could have been, but were not, raised on direct appeal. *Cannon v. State*, 1997 OK CR 13, 933 P.2d 926, 928.

¶3 In Proposition I, Petitioner asserts a claim of factual innocence based upon newly discovered evidence. Petitioner sets forth several categories of "newly discovered evidence." These include: (1) evidence that he is limited intellectually and cognitively; (2) evidence that he lacks the psychological makeup to dominate and control Anita and Sherry Cummings, and that these women were not victims of battered women's syndrome; (3) evidence regarding the psychological makeup, norms, mores and behavior of persons in the "Poor White Trash" subculture; (4) evidence that Sherry and Anita Cummings committed perjury at his trial; (5) evidence of prosecutorial misconduct in suppressing material evidence and/or presenting evidence at trial in a false light; (6) evidence that trial counsel were ineffective for conceding Petitioner's guilt to the crime of Accessory After the Fact; (7) evidence regarding the circumstances under which Anita Cummings went to the police and inconsistencies in her statements and her testimony; (8) evidence that Lahoma Yaws' claim that Petitioner raped her was not reliable enough for jurors to have heard it; (9) evidence indicating that Petitioner's July 30, 1994 confession was false and induced by law enforcement officers; and (10) other material evidence which could have been used to impeach Anita and Sherry Cummings' versions of the events.

¶4 We are unpersuaded that this evidence which Petitioner refers to as "newly discovered" could not have been discovered and raised on direct appeal as is required by 22 O.S.Supp.1995, § 1089(C). Further, even assuming the evidence submitted by Petitioner is true, it does not contain specific facts supporting the conclusion that Petitioner is factually innocent. "Conflicting evidence which could have been presented at trial ... simply does not rise to the level of 'specific facts supporting a conclusion that Petitioner is factually innocent.'" *Robinson v. State*, 1997 OK CR 24, 937 P.2d 101, 106. Accordingly, Petitioner's claim is procedurally barred.

¶5 Petitioner argues in his second proposition that he was denied effective assistance of both trial and appellate counsel. "[I]neffective assistance of trial counsel claims are properly raised and may be [reviewed on the merits] on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record." *Walker v. State*, 1997 OK CR 3, 933 P.2d 327, 332, *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). While some of the facts in support of this claim are not in the direct appeal record, we are unpersuaded these facts were not available on direct appeal. Because Petitioner's ineffective assistance of trial counsel claim does not turn on facts unavailable at the time of his direct appeal, he has failed to meet the pre-conditions for review of his claim on the merits and therefore review of the claim is barred.

¶6 Petitioner also claims he was denied effective assistance of appellate counsel because appellate counsel did not adequately

investigate and place before this Court a complete record regarding the issue of ineffective assistance of trial counsel. Petitioner specifically claims that appellate counsel owed him a duty to raise meritorious claims and counsel did not raise in his direct appeal brief the most meritorious of the claims that could have been raised.

¶ 7 Under the Post–Conviction Procedure Act, a claim of ineffective assistance of appellate counsel is not procedurally barred if:

it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the allegations in the application were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.

22 O.S.Supp.1995, § 1089(D)(4)(b)(2). Applying these statutory guidelines, this Court recently held:

[T]he threshold inquiry is (1) whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation.... [T]he next question is (2) whether such performance was deficient under the first prong of the two-pronged test in Strickland v. Washington.[1] ... If a petitioner meets his or her heavy burden to prove deficient attorney performance, we may then consider the mishandled substantive claim. The question then becomes (3) whether such a claim meets the second prerequisite to capital post-conviction review.

*Walker*, 933 P.2d at 333.

 ¶ 8 A review of the record reveals that appellate counsel did not raise the issue of ineffective assistance of trial counsel as fully as Petitioner argues he should have. Accordingly, Petitioner has made the threshold showing that counsel committed the act which gave rise to the ineffective assistance allegation. Having found such, we must now determine whether counsel's failure to raise these issues on direct appeal constitutes deficient performance. However, Petitioner has

not shown that appellate counsel's failure to do so was unreasonable under prevailing professional norms. While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Walker*, 933 P.2d at 334. The brief filed in Petitioner's direct appeal reflects that appellate counsel raised sixteen non-frivolous claims at least equally meritorious to those which were omitted and are at issue here. We cannot find that appellate counsel's failure to investigate and litigate the ineffective assistance of trial counsel issue as fully as Petitioner claims he should have rendered counsel's performance unreasonable under prevailing professional norms. Accordingly, because Petitioner has not established that appellate counsel's performance was deficient, his substantive claims remain procedurally barred.

¶ 9 In his third proposition, Petitioner argues that misconduct by the prosecutor in using evidence and suppressing material evidence denied him a fair trial and a fair and reliable sentencing determination. In this proposition of error, Petitioner complains of several instances of alleged prosecutorial misconduct. Some of these allegations were raised on direct appeal and were addressed by this Court. These allegations are barred from further review by the doctrine of *res judicata*. Other instances of alleged prosecutorial misconduct were not raised in Petitioner's direct appeal but could have been. These allegations are waived. *See Cannon*, 933 P.2d at 928.

¶ 10 Petitioner asserts in his fourth proposition that he was denied a fair and reliable sentencing determination because ineffective assistance of counsel and prosecutorial misconduct caused the jurors to have an inaccurate understanding of the relevant facts. This, Petitioner claims, coupled with fundamental errors, caused his death sentence to be unreliable. We have already determined that Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct are procedurally barred from review on post-conviction. Accordingly, this claim

---

1. 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).

which also arises from these issues is likewise barred.

¶ 11 In this same proposition Petitioner contends that the aggravating circumstances found in this case were vague and overbroad. In the opinion on direct appeal this Court threw out the aggravating circumstance that Petitioner killed Melissa Moody to prevent lawful arrest or prosecution. The constitutionality and application of the remaining continuing threat aggravating circumstance was raised and addressed on direct appeal and therefore, further review of this issue on post-conviction is precluded by the doctrine of *res judicata.* 22 O.S.Supp.1995, § 1089(C).

■ ¶ 12 In his fifth proposition Petitioner alleges he was denied a fair and reliable determination of the appropriate sentence due to fundamental errors in the jury instructions. He also complains that the trial court responded inadequately to jury questions during deliberations. These issues could have been raised on direct appeal, but were not. The claims are waived and barred from review under section 1089(C).

¶ 13 Petitioner argues in his sixth proposition that the trial court committed various acts and omissions during the course of the trial which operated to deny him his fundamental right to a fair trial and a fair and reliable sentencing determination. This Court has already addressed the portion of this proposition which was raised on direct appeal. Further review is barred by the doctrine of *res judicata.* Other portions of the proposition could have been raised on direct appeal, but were not. Accordingly, these are waived and barred from review under section 1089(C).

■ ¶ 14 Petitioner complains in proposition seven that structural error occurred in the trial because one of the jurors who sat on the jury panel was not qualified to do so. Again, we find that this issue could have been raised on direct appeal and is now waived and barred from review under section 1089(C).

¶ 15 In Petitioner's eighth proposition he argues that he has been denied an adequate appellate and corrective review process. He claims that Oklahoma's Post–Conviction Procedure Act and the rules of this Court relating thereto dilute and restrict collateral review to the point of denying a full and fair review of the constitutionality of his judgment and sentence. We upheld the constitutionality of the Post–Conviction Procedure Act in *Fields v. State,* 1997 OK CR 53, 946 P.2d 266, 272, and we are not persuaded to change our position at this time. *See also Hatch v. State,* 1996 OK CR 37, 924 P.2d 284, 292–93.

¶ 16 In his ninth proposition Petitioner contends that Oklahoma's clemency scheme is unconstitutional on its face and as applied because it violates Due Process. This Court has held that this is not a claim cognizable under the Post–Conviction Procedure Act. *Douglas v. State,* 1998 OK CR 12, ¶ 11, 953 P.2d 349, 353–54. *See also* 22 O.S.Supp.1995, § 1089. Accordingly, this proposition is denied.

■ ¶ 17 Petitioner, in his tenth proposition, argues that the death penalty constitutes unnecessarily cruel and unusual punishment. Again, this issue could have been raised on direct appeal and is now waived and barred from review under section 1089(C).

¶ 18 Finally, Petitioner claims the cumulative effect of errors in his case mandates reversal. Not having reached the merits of these issues, we cannot consider their cumulative effect. This proposition is denied. *See Cargle v. State,* 1997 OK CR 63, 947 P.2d 584, 589; *Mitchell v. State,* 1997 OK CR 9, 934 P.2d 346, 351, *cert. denied,* 521 U.S. 1108, 117 S.Ct. 2489, 138 L.Ed.2d 996.

■ ¶ 19 In an attached motion, Petitioner requests an evidentiary hearing, leave to conduct discovery, and that he be allowed to supplement the record. We find an evidentiary hearing is not warranted under the capital post-conviction statute as it is not necessary to facilitate post-conviction review. 22 O.S.Supp.1995, § 1089(D)(3). As we have noted before, discovery is not required in post-conviction proceedings. *Mitchell,* 934 P.2d at 351. Further, this Court is not authorized to order discovery on issues it is precluded from considering. *Wallace v.*

*State*, 1997 OK CR 18, 935 P.2d 366, 377, *cert. denied*, 521 U.S. 1108, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). Finally, we noted that the revised post-conviction statute specifically prohibits supplementation of the application. *See* 22 O.S.Supp.1995, § 1089(D)(2). Accordingly, Petitioner's motion is denied.

¶ 20 In a separate motion, Petitioner asks that the record in this case be kept open so that additional records and exhibits can be submitted to this Court. Finding that there is no authority to support this request, said motion is denied.

¶ 21 Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED** along with Petitioner's requests for discovery and evidentiary hearing and his request to supplement the record. Petitioner's request to keep the record open is also **DENIED.**

CHAPEL, P.J., and JOHNSON, J., concur.

LUMPKIN, J., and LANE, J., concur in results.

LUMPKIN, Judge, concur in results.

¶ 1 I concur in the result reached in this opinion and much of the Court's analysis. However, I write to address two points.

¶ 2 First, as I have stated numerous times before, when addressing ineffective assistance of counsel, we should not focus on whether Appellant has shown "the outcome would have been different". Rather, we must look at whether the verdict was reliable, i.e. "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–370, 113 S.Ct. 838, 842–843, 122 L.Ed.2d 180 (1993). We should apply the *Strickland* test, as established by the United States Supreme Court, in accordance with that Court's further delineation of its applicability. In *Lockhart v. Fretwell*, the Court clear-ly stated a different outcome is not the legal criteria to use.

¶ 3 Secondly, I disagree with the notion that we cannot use Appellant's alleged rape of Melissa to support second stage aggravators. The rape should be treated in the same way we treat an unadjudicated offense. While I agree that the alleged rape, a crime of which Appellant was acquitted, could not be used as the predicate crime to support the aggravator of committing a murder for the purpose of avoiding or preventing a lawful arrest or prosecution, I believe the alleged rape could be used to support the continuing threat aggravator. A "verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *U.S. v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 638, 136 L.Ed.2d 554 (1997). Here, the testimony from Juanita that a rape occurred, which was somewhat supported by the testimony of Sherry, together with the other facts of the case, is sufficient to prove the rape was committed by a preponderance of the evidence. The fact that Juanita and Sherry were possible accomplices to the crime of rape is irrelevant in the second stage because 22 O.S.1991, § 742 does not require corroboration of second stage accomplice testimony.

LANE, Judge, concur in results.

¶ 1 I concur in results by reason of *stare decisis*. I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State*, 1997 OK CR 39 ¶¶ 1–5, 942 P.2d 229, 234–35 (Lane, J., concur in result).