1998 OK CR 2

**Kenneth Chad CHARM, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–97–838.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1998.

Julie L. Gardner, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner.

*ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF, APPLICATION FOR EVIDENTIARY HEARING AND REQUEST FOR DISCOVERY*

CHAPEL, Presiding Judge.

¶ 1 Kenneth Chad Charm was tried by a jury in Comanche County District Court, Case No. CRF–93–259, and convicted of First Degree Murder with Malice Aforethought,[1] First Degree Rape,[2] and Kidnap-

1. 21 O.S.1991, § 701.7.

2. 21 O.S.1991, § 1114(A)(3).

ping.[3] During the capital sentencing phase of the trial, the jury found three aggravating circumstances: (1) the murder was committed to avoid lawful arrest or prosecution;[4] (2) the murder was especially heinous, atrocious or cruel;[5] and (3) Charm would constitute a continuing threat to society.[6] In accordance with the jury recommendation, the trial court sentenced Charm to death on Count I, to 125 years imprisonment on Count II and to fifty-four years imprisonment on Count III. On appeal, this Court affirmed Charm's judgment and sentence and denied Charm's petition for rehearing.[7] The United States Supreme Court denied Charm's petition for certiorari.[8]

¶ 2 On August 18, 1997, Charm filed directly with this Court an Application for Post–Conviction Relief, Request for an Evidentiary Hearing and Request for Discovery.[9] Oklahoma's capital post-conviction procedure severely limits the issues Charm may raise in this application. Charm may only raise claims that: "(1) [w]ere not and could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."[10] In reviewing Charm's application, this Court shall determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted under this act."[11] In addition, the doctrine of *res judicata* precludes the Court from considering issues previously raised and decided in Charm's direct appeal,[12] and the principles of waiver bar the Court from addressing issues that Charm failed to raise in his direct appeal.[13] We now turn to Charm's application.

¶ 3 In Proposition I, Charm claims the evidence is insufficient to support his convictions for rape and kidnapping, and, in an aside, claims, without further explanation, that he is innocent of murder. Apparently, these claims are premised on the assertion that Charm's confession was not reliable,[14] that his confession was not corroborated, that the State failed to prove the corpus delicti of rape and kidnapping, and that the prosecutor misled the jury. These issues could have been raised on direct appeal, but were not. Accordingly, the claims are waived and barred from review under § 1089(C). Charm also claims the evidence is insufficient to support the avoiding arrest aggravating circumstance and the especially heinous, atrocious or cruel aggravating circumstance. Both of these issues were raised on direct appeal and the Court ruled on the issues. *Res judicata* bars further litigation of these claims.

¶ 4 Charm now claims that appellate counsel was ineffective in failing to raise the issue of insufficiency of the evidence for his

---

3. 21 O.S.1991, § 741.

4. 21 O.S.1991, § 701.12(5).

5. 21 O.S.1991, § 701.12(4).

6. 21 O.S.1991, § 701.12(7).

7. *Charm v. State*, 924 P.2d 754 (Okl.Cr.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1560, 137 L.Ed.2d 707 (1997).

8. *Id.*

9. 22 O.S.Supp.1995, § 1089(D)(1). Under § 1089, the State is not required to file a response.

10. 22 O.S.Supp.1995, § 1089(C).

11. 22 O.S.Supp.1995, § 1089(D)(4)(a).

12. *Smallwood v. State*, 937 P.2d 111, 114 (Okl.Cr.1997); *Hooker v. State*, 934 P.2d 352, 355 (Okl.Cr.1997); *Mitchell v. State*, 934 P.2d 346, 348 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Walker v. State*, 933 P.2d 327, 331 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997); *Rojem v. State*, 925 P.2d 70, 73, (Okl.Cr.1996); *Moore v. State*, 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied*, 516 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995).

13. *Id.*

14. Charm fails to proffer specific facts to support his contention that his confession was not reliable. *Cf. Robinson v. State*, 937 P.2d 101, 106 (Okl.Cr.1997). Of course, 22 O.S.Supp.1995, § 1089, provides that claims of factual innocence may be raised and fully reviewed by the Court. Charm has failed to offer new or sufficient evidence to make out a claim of factual innocence.

convictions for rape and kidnapping. In post-conviction proceedings, review of ineffective assistance of counsel claims is governed by 22 O.S.Supp.1995, § 1089(D)(4) and this Court's decision in *Walker v. State.*[15] *Walker* set out the following three-prong test for ineffective assistance of appellate counsel claims in capital post-conviction proceedings:

> the threshold inquiry is (1) whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes that his or her appellate counsel actually did the thing supporting the allegation of ineffectiveness, the next question is (2) whether such performance was deficient under the first prong of the two-pronged test in *Strickland v. Washington.* Of course, proving attorney ineffectiveness is no easy task, and the burden is on capital post-conviction petitioners to set forth sufficient facts and law to enable this Court to fully assess appellate counsel's allegedly deficient performance. If a petitioner meets his or her heavy burden to prove deficient attorney performance, we may then consider the mishandled substantive claim. The question then becomes (3) whether such a claim meets the second prerequisite to capital post-conviction review.[16]

Here, Charm claims that as to the criminal charges, appellate counsel failed to raise the issue of insufficient evidence. This is correct and Charm satisfies the first prong of *Walker.* However, Charm has not satisfied the second prong of *Walker.* Although appellate counsel was burdened by a heavy caseload and was undergoing cancer treatment at the time of Charm's direct appeal, appellate counsel requested and received extensions of time in which to file her brief. Nothing indicates that appellate counsel was less than a diligent, able advocate for her client. Counsel did not breach her professional duties or responsibilities to Charm. Because Charm has failed to satisfy the sec-

ond prong of *Walker,* we need not reach the substantive claims.

¶ 5 Additionally, Charm's application suggests that appellate counsel was ineffective in regards to the claims that the evidence was insufficient to support two of the three aggravating circumstances. We find that Charm has not met the first prong of *Walker* because these claims were raised on direct appeal. This proposition is denied.

¶ 6 In his second proposition, Charm states that he received ineffective assistance of counsel at all stages of the proceedings. Under § 1089(D)(4), this Court may only review claims of ineffective assistance of trial counsel if "it is a claim of ineffective assistance of trial counsel which requires factfinding outside the direct appeal record."[17] In *Walker,* the Court stated,

> ineffective assistance of trial counsel claims are properly raised and may be considered on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record. Stated in prohibitive terms, this Court may not review [petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [petitioner's] direct appeal attorney and thus either *were* or *could have been* used in his direct appeal (emphasis in original).[18]

The Court went on to state in *Walker* that even though certain "documents were not physically part of Walker's direct appeal record, it appears that the facts contained in them were available to his direct appeal attorney and thus could have been argued on direct appeal.... Because the determination of Walker's ineffective assistance of trial counsel claims does not require factfinding outside the scope of information available to his attorney at the time of his direct appeal, those claims are not properly raised in this post-conviction appeal and will not be considered."[19]

---

15. 933 P.2d at 331.

16. *Id.* at 333 (footnote omitted).

17. 22 O.S.Supp.1991, § 1089(D)(4)(b)(1).

18. 933 P.2d at 332 (footnote omitted).

19. *Id.*

¶ 7  Here, Charm has provided the Court with affidavits in support of his claims of ineffective assistance of trial counsel, which constitutes part of the record before us on post-conviction.[20]  However, Charm has failed to show that this material was unavailable to appellate counsel,[21] and many of the allegations concerning trial counsel's deficiencies rest squarely within the trial record.[22]  This claim could have been raised on direct appeal.  Under § 1089(D), we cannot review such a claim.  Charm also alleges that appellate counsel was ineffective, but sets forth no new or additional allegations of deficiency different from that set out in Proposition I.  Accordingly, as in Proposition I, Charm has failed to set forth sufficient allegations of deficient performance to support a claim that appellate counsel was ineffective under § 1089(D) and the first and second prongs of *Walker*.  This proposition is denied.

¶ 8  In Propositions III,[23] IV,[24] V,[25] VI,[26] VII,[27] VIII,[28] XI [29] and XII,[30] Charm raises a number of complaints about his trial.  Many of these claims were raised on direct appeal and *res judicata* bars further review.  The remaining claims could have been raised on direct appeal, but were not.  Those issues are waived and are barred from review under § 1089.  Charm argues alternatively that appellate counsel was ineffective in failing to raise certain issues or that counsel was inartful in her presentation of issues that were raised.  In making this claim, Charm either simply makes a bald assertion of ineffective assistance of appellate counsel without further explanation as required by *Walker* and § 1089, or simply reiterates the claims made in Proposition I.  However, in Proposition III, Charm also claims that appellate counsel was burdened by her agency's budgetary constraints.  We find, under these propositions of error, that Charm fails to set out sufficient facts showing deficient performance of appellate counsel and fails to overcome the hurdles of *Walker* and § 1089.  Based on this showing, the Court will not review the substantive claims raised.

■ ¶ 9  Further, in Propositions III, IV, VI, VII and XII, Charm argues that trial counsel was ineffective.  None of these propositions involve fact-finding outside the appeal record.[31]  We are barred from further review of these claims.

. ¶ 10  In addition, in Proposition III, Charm claims that the application of *Walker* to his case is improper.  The Court has rejected attacks on the constitutionality of the capital post-conviction statute, including claims that it violates the Ex Post Facto

---

**20.** *McGregor v. State*, 935 P.2d 332, 335 (Okl. Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *LaFevers v. State*, 934 P.2d 356, 358 (Okl.Cr.1997).

**21.** *Robinson*, 937 P.2d at 106–07; *Powell v. State*, 935 P.2d 378, 382 (Okl.Cr.1997); *McGregor*, 935 P.2d at 335; *Rogers v. State*, 934 P.2d 1093, 1098 (Okl.Cr.1997); *Cannon v. State*, 933 P.2d 926, 929 (Okl.Cr.1997); *Walker*, 933 P.2d at 331–33.

**22.** *Rogers*, 934 P.2d at 1098; *Mitchell*, 934 P.2d at 350.

**23.** In Proposition III, Charm argues he was denied adequate mental health evaluations and reliable mental health information in prior proceedings.

**24.** In Proposition IV, Charm argues that prosecutorial misconduct denied him a fair trial.

**25.** Under Proposition V, Charm requests that his sentence of death be vacated because it is unconstitutional to execute a mentally retarded person.

**26.** In his sixth proposition, Charm argues that errors in the jury instructions deprived him of a fair trial and a reliable sentencing hearing.

**27.** In Proposition VII, Charm claims that acts and omissions by the trial court denied him a fair trial and a reliable sentencing hearing.

**28.** In Proposition VIII, Charm contends that he was denied a fair and reliable sentencing hearing.

**29.** In Proposition XI, Charm argues that his sentence constitutes cruel and/or unusual punishment.

**30.** In Proposition XII, Charm argues that the cumulative effect of errors in his case deprived him of due process and fundamental fairness.

**31.** *Robinson*, 937 P.2d at 106–07; *Powell v. State*, 935 P.2d at 382; *Mitchell*, 934 P.2d at 350; *McGregor*, 935 P.2d at 335; *Rogers v. State*, 934 P.2d at 1098; *Cannon v. State*, 933 P.2d at 929; *Walker*, 933 P.2d at 331–33.

Clause.[32] As *Walker* is simply an application of the statute, we find that its application to Charm's case is proper. These propositions are denied.

¶ 11 In his ninth proposition, Charm argues that the appellate and collateral review procedures of this Court are inadequate. This Court has found the amended Oklahoma Post–Conviction Act to be constitutional.[33] This proposition is denied.

¶ 12 In Proposition X, Charm urges the Court to adopt the American Bar Association's recommendation for a moratorium on executions. Because this proposition is not properly raised under Oklahoma's capital post-conviction statute, we will not consider it.

¶ 13 Charm requests an evidentiary hearing based on the allegations raised in his application. We find an evidentiary hearing is not warranted under Oklahoma's capital post-conviction statute.[34] We decline to grant his request.

¶ 14 Charm also requests discovery in this proceeding. This Court has held repeatedly that discovery is not compulsory in post-conviction proceedings.[35] We decline to order discovery in this matter.

¶ 15 Finally, Charm requests a response from the State to his application. While the Court has the authority to call for a response if we deem it necessary,[36] we find it not necessary in this case. We decline to grant Charm's request for a State response.

¶ 16 We have carefully reviewed Charm's application for post-conviction relief, request for an evidentiary hearing and request for discovery, and find that Charm is not entitled to relief. The Application for Post–Conviction Relief, Request for an Evidentiary Hearing and Request for Discovery are **DENIED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

LUMPKIN and LANE, JJ., concur in result.

LUMPKIN, Judge, concurring in results.

¶ 1 I concur, based on *stare decises*, in the discussion dealing with ineffective assistance of counsel. See *Walker v. State*, 933 P.2d 327, 341–344 (Okl.Cr.1997)(Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State*, 937 P.2d 505, 511–514 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

LANE, Judge, concurring in results.

¶ 1 I concur in results by reason of *stare decisis*. I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State*, 942 P.2d 229, 234–35 (Okl.Cr.1997).

---

**32.** *Smallwood*, 937 P.2d at 116; *Robinson*, 937 P.2d at 105; *Walker*, 933 P.2d at 330–31; *Hatch v. State*, 924 P.2d 284, 289–93 (Okl.Cr.1996).

**33.** *Id.*

**34.** *Smallwood*, 937 P.2d at 117; *Walker*, 933 P.2d at 339–41; 22 O.S.Supp.1995, § 1089(D)(4)(a)(1).

**35.** *Smallwood*, 937 P.2d at 117; *McGregor*, 935 P.2d at 336; *Mitchell*, 934 P.2d at 351.

**36.** 22 O.S.Supp.1995, § 1089(D)(3).