1998 OK CR 18

**Sahib Lateef AL–MOSAWI, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–97–404.**

Court of Criminal Appeals of Oklahoma.

March 11, 1998.

Bryan Lester Dupler, Hossein Reza Parvizian, Capital Post Conviction Division, Oklahoma Indigent Defense System, Norman, for Petitioner.

### OPINION DENYING APPLICATION FOR POST–CONVICTION RELIEF AND REQUEST FOR DISCOVERY AND EVIDENTIARY HEARING

JOHNSON, Judge:

¶ 1　Sahib Al–Mosawi, hereinafter Petitioner, was tried and convicted by jury for the crimes of Murder in the First Degree, malice aforethought, (Counts I and II) (21 O.S.1991, § 701.7), and Assault and Battery with a Deadly Weapon with Intent to Kill (Count III) (21 O.S.1991, § 652) in Case No. CF–92–7217 in the District Court of Oklahoma County before the Honorable Richard Freeman, District Judge.　The jury found three aggravating circumstances as to each victim: (1) Petitioner had knowingly created a great risk of death to more than one person; (2) Petitioner was a continuing threat to society; and (3) the murders of Inaam Al–Nashi Al–Mosawi and Mohammed Al–Nashi were especially heinous, atrocious or cruel. The trial judge sentenced Petitioner in accordance with the jury's recommendation of death on Counts I and II and twenty (20) years imprisonment on Count III.　This Court affirmed his judgments and sentences. *Al–Mosawi v. State,* 929 P.2d 270 (Okl.Cr. 1996).　On September 12, 1997, Petitioner filed an Application for Post–Conviction Relief with this Court, pursuant to 22 O.S.Supp. 1995, § 1089.

■■■■■■■　¶ 2　Petitioner raises eleven propositions of error.　This Court's review of Petitioner's Application is limited to those issues which: "(1) [w]ere not and could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."　22 O.S.Supp.1995, § 1089.　We must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted."　22 O.S.Supp.1995, § 1089(D)(4)(a).　The Post–Conviction Procedure Act is not intended to provide a second appeal.[1]　This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata,*[2] nor will this Court consider an issue which has been waived because it could have been raised on direct appeal but was not.[3]　We find that the issue raised in Proposition VII[4] is barred by *res judicata.*　We find that the issues raised in Proposition IV[5] are waived by not having been raised in Petitioner's direct appeal.

¶ 3　In Proposition I, Petitioner challenges the constitutionality of the recent amendments to the Oklahoma capital post-conviction procedures.　He urges this Court to reconsider whether the new post-conviction amendments, both on their face and as applied, constitute impermissible legislative interference with the judicial power in violation of the constitutionally mandated separation of powers, deny him equal protection, deny him equal and adequate access to the courts, deprive him of due process, and whether

---

1.　*Fowler v. State,* 896 P.2d 566, 569 (Okl.Cr. 1995); *Fox v. State,* 880 P.2d 383, 385 (Okl.Cr.), *cert. denied,* 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995).

2.　*Moore v. State,* 889 P.2d 1253, 1255 (Okl.Cr.), *cert. denied,* 516 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146, (1995); *Mann v. State,* 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994).

3.　*Moore,* 889 P.2d at 1255–56; *Johnson v. State,* 823 P.2d 370, 372 (Okl.Cr.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

4.　This Court should reconsider its affirmance of the "continuing threat" aggravating circumstance on direct appeal based upon the holding in *Williamson v. Reynolds,* 904 F.Supp. 1529, 1571 (W.D.Okla.1995), *aff'd on other grounds,* 110 F.3d 1508 (10th Cir.1997).

5.　Political conditions in Iraq and the state of diplomatic relations between the United States and Iraq are factors external to the defense which have prevented, and will continue to prevent the development of substantial mitigating evidence concerning relevant aspects of Mr. Al–Mosawi's good character, his law-abiding record, family circumstances, and aspects of the offense which would support conviction of a lesser included offense and/or imposition of a non-capital sentence.　Because these external factors prevent full and fair development of evidence necessary to ensure that the death penalty is not imposed arbitrarily and capriciously, the death sentence should be vacated and modified to a term of Life Imprisonment.

their retroactive application violates the *ex post facto* clause. We have consistently rejected these claims and are not now persuaded by Petitioner's argument to hold otherwise. *See Scott v. State,* 942 P.2d 755, 758 (Okl.Cr.1997) and the cases cited therein. This proposition is denied.

 ¶ 4 In Propositions II, III, V, and VI, Petitioner claims appellate counsel was ineffective for the following reasons: (1) failure to attack the State's violation of his rights under the *Vienna Convention on Consular Relations* [6] (Proposition II); (2) failure to adequately develop and present evidence of the psychosocial effects of his cultural, religious, and refugee experiences which would have supported conviction of the lesser included offenses of "heat of passion" or involuntary manslaughter and/or imposition of a sentence other than death (Proposition III); (3) failure to designate a proper record and raise a proposition of error challenging his conviction for Assault with a Deadly Weapon with Intent to Kill (Proposition V); and (4) failure to challenge the constitutionality of the trial court's instruction on the capital sentencing option of Life Without Parole (Proposition VI). In *Walker,* 933 P.2d 327, 333–34 (Okl.Cr.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997), this Court set out the standard of review in examining claims of ineffective assistance of appellate counsel. We (1) determine whether counsel actually committed the act giving rise to the allegation, and if so, (2) ask whether counsel's performance was deficient under prevailing professional norms. If a petitioner sets forth facts and law enabling us to assess counsel's allegedly deficient performance, and we find it was deficient, we may then consider the mishandled substantive claim and (3) determine whether that claim meets the statutory requirements for review under 22 O.S.Supp.1995, § 1089(C)(2) (the claim must support a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent"). Once the claim is deemed properly raised, this Court would then determine the appropriate relief.

 ¶ 5 We have reviewed and considered the claims presented in Propositions II, III, V, and VI. While Petitioner has established the conduct supporting his allegations of ineffectiveness actually occurred, he has failed to present facts showing that appellate counsel was unreasonable under the circumstances, that her conduct did not fall within the wide range of professional assistance, or that counsel breached any duty owed to him. *Walker,* 933 P.2d at 336. While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Id.* at 334. The brief filed in Petitioner's direct appeal reflects that appellate counsel raised twenty-nine (29) claims at least equally meritorious to those which were omitted and are at issue here. We cannot find that appellate counsel's omission of these four issues rendered her performance unreasonable under prevailing professional norms. Accordingly, because Petitioner has not established that appellate counsel's performance was deficient, his substantive claims remain procedurally barred.

 ¶ 6 In Propositions II and III, Petitioner also argues ineffective assistance of trial counsel. Ineffective assistance of trial counsel claims are properly before this Court only if they require fact-finding outside the appeal record. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). The category of items requiring fact-finding outside the direct appeal record does not include those items that trial counsel had the ability to discover. *McGregor v. State,* 935 P.2d 332, 335 (Okl. Cr.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). Moreover,

---

**6.** 21 U.S.T. 77 (April 24, 1963). Article 36 of the *Vienna Convention on Consular Relations,* hereinafter *"Vienna Convention,"* confers a right to a foreign national to request that his consular post be informed of his arrest, detention, commitment, or custody. Petitioner concedes that the Oklahoma City Police notified the Iraqi consul of his arrest for murder at the time of his arrest.

However, Petitioner claims he was not informed of his right to seek the assistance of his consul. This claim is contradicted by post-conviction counsel's concession that Petitioner contacted the Iraqi consulate by telephone sometime after his arrest [although post-conviction counsel state they "have no record of the nature or extent of those **contacts.**"] (Emphasis added.)

"[s]tated in prohibitive terms, this Court may not review [Petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [Petitioner's] direct appeal attorney and thus either *were* or *could have been* used in his direct appeal." *Walker,* 933 P.2d at 332 (footnote omitted) (emphasis in original). Ineffective assistance of trial counsel claims in this case do not turn on facts (information) unavailable at the time of his direct appeal. Petitioner has failed to show that appellate counsel could not have obtained the information in question for purposes of raising the issues on appeal, therefore, the claims are waived because they could have been raised on direct appeal. Petitioner has failed to meet the pre-conditions for review of his claims on the merits and the claims are barred. *McGregor,* 935 P.2d at 335.

■ ¶ 7 In Proposition VIII, Petitioner urges this Court to reconsider its decision in his direct appeal where we held that the instructions on mitigating evidence did not improperly mislead the jury to believe that they must unanimously find mitigating circumstances. Petitioner argues that since the filing of his direct appeal brief, the United States District Court for the Northern District of Oklahoma held the same instructions as given in his case violated the United States Constitution as interpreted in *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988) and *McKoy v. North Carolina,* 494 U.S. 433, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990). *Newsted v. State,* No. 91–CV–914–H (N.Dist.Okla. July 11, 1997) slip op. at 32–37. We decline to give deference to the *Newsted* holding as it is not binding on this Court. Accordingly, we deny this proposition of error.

■ ¶ 8 In Proposition IX, Petitioner urges this Court to adopt the American Bar Association recommendation of a moratorium on executions. This proposition is not properly raised under the post-conviction statute, and we do not consider it. *Bryan v. State,* 1997 OK CR 69, ¶ 11, 948 P.2d 1230, 1235 (1997).

■ ¶ 9 Petitioner claims in his tenth proposition of error that the cumulative effect of the errors presented in this application and on direct appeal require reversal or modification to Life Imprisonment or Life Without Parole. Because we have found that the claims raised in this application are either waived, procedurally barred, or without merit, we find no cumulative error that warrants relief. *Mitchell v. State,* 934 P.2d 346, 351 (Okl.Cr.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997).

¶ 10 Petitioner's eleventh proposition of error claims that if any claim in this post-conviction proceeding is deemed procedurally barred due to the failure of direct appeal counsel to raise the claim on direct appeal or due to the availability of extra-record factual material supporting the claim at the time of direct appeal, this Court should permit a full and fair evidentiary hearing on the following issues:

(1) adequacy of direct appeal counsel's extra-record investigation;

(2) adequacy of resources for such investigation at the time of Mr. Al–Mosawi's appeal;

(3) the extent to which the rules and procedures of this Court at the time of direct appeal were adequate to (a) apprise direct appeal counsel of the necessity of extra-record investigation to avoid procedural default of claims; and (b) the availability of procedures which would permit the presentation of extra-record evidence in connection with direct appeal proceedings.

■ ¶ 11 We have held that post-conviction applicants are not entitled to evidentiary hearings, and the new capital post-conviction statute does not specifically address motions for evidentiary hearings. Under the statute, it is this Court's responsibility to assess the propositions raised and determine whether "controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist." 22 O.S.Supp.1995, § 1089(D)(4)(a)(1). If such factual controversies are encountered, this Court is free to issue an order for an evidentiary hearing to facilitate post-conviction review. In analyzing Petitioner's ten propositions of error and his request for an evidentiary hearing, we

have found no material factual issues that would warrant an evidentiary hearing. Petitioner wants an evidentiary hearing to determine the effects of a procedural change in post-conviction proceedings. This is not an appropriate issue for an evidentiary hearing. *Bryan v. State*, 1997 OK CR 69, ¶ 11, 948 P.2d 1230, 1235 (1997). This proposition is therefore denied.

¶ 12 We have carefully reviewed Petitioner's application for post-conviction relief and his request for an evidentiary hearing, and find that he is not entitled to relief. The Application for Post–Conviction Relief and Request for Evidentiary Hearing are **DENIED.**

CHAPEL, P.J., and STRUBHAR, V.P.J., concur.

LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concur in results:

¶ 1 I concur, based on *stare decisis,* in the discussion dealing with ineffective assistance of counsel. *See Walker v. State,* 933 P.2d 327, 341–44 (Okl.Cr.1997) (Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State,* 937 P.2d 505, 511–14 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

LANE, Judge, concur in results:

¶ 1 I concur in results by reason of *stare decisis.* I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 1997 OK CR 39 ¶¶ 1–5, 942 P.2d 229, 234–35 (Lane, J., concur in result).