1998 OK CR 22

**Michael Edward HOOPER, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–97–673.**

Court of Criminal Appeals of Oklahoma.

April 3, 1998.

Mark P. Hoover, Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

### ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF AND APPLICATION FOR EVIDENTIARY HEARING

CHAPEL, Presiding Judge:

¶1   Michael Edward Hooper was tried by jury before the Honorable Edward C. Cunningham in the District Court of Canadian County, Case No. CF–93–601. He was convicted of three counts of First Degree Malice Aforethought Murder in violation of 21 O.S. 1991, § 701.7. At the conclusion of the first stage of trial, the jury returned verdicts of guilty. During sentencing, the jury found as to Counts I and III Hooper 1) knowingly created a great risk of death to more than one person; and 2) probably would commit criminal acts of violence that would constitute a continuing threat to society. As to Count II, the jury found Hooper (1) knowingly created a great risk of death to more than one person; 2) probably would commit criminal acts of violence that would constitute a continuing threat to society; and (3) committed the murder in order to avoid or prevent a lawful arrest or prosecution. Hooper was sentenced to death on each count. Hooper appealed his judgments and sentences to this Court and we affirmed.[1] The United States Supreme Court has not yet ruled on Hooper's petition for certiorari.

■   ¶2   On July 21, 1997, Hooper filed an Application for Post–Conviction Relief directly with this Court. Under Oklahoma's post-conviction statutes, the only issues that can be raised in post-conviction are those which: "(1) [w]ere not or could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."[2] On review, this Court must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, (2) whether the applicant's grounds were or could have been previously raised, and (3) whether relief may be granted. . . ."[3] The Post–Conviction Procedure Act is not intended to provide a second appeal.[4] This Court will consider neither issues which were raised on direct appeal and are barred by *res judicata*, nor issues which have been waived because they could have been, but were not, raised on direct appeal.[5]

¶3   Hooper raises two propositions of error, both claiming ineffective assistance of trial counsel. These claims are only appropriate under the capital post-conviction statute if they require fact-finding outside the direct appeal record.[6] This Court has held:

ineffective assistance of trial counsel claims are properly raised and may be considered on post-conviction only if they are based upon facts which were not available to the applicant's direct appeal attorney and thus could not have been made part of the direct appeal record. Stated in prohibitive terms, this Court may not review [petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [petitioner's] direct appeal attorney and thus either *were* or *could have been* used in his direct appeal (emphasis in original).[7]

Hooper must demonstrate that the facts generating his claims of ineffective assistance were not available to direct appeal counsel.

---

1.   *Hooper v. State*, 947 P.2d 1090 (Okl.Cr.1997).

2.   22 O.S.Supp.1995, § 1089(C).

3.   22 O.S.Supp.1995, § 1089(D)(4)(a).

4.   *Cannon v. State*, 933 P.2d 926, 928 (Okl.Cr. 1997).

5.   22 O.S.Supp.1995, § 1089(C); *Hooker v. State*, 934 P.2d 352, 354 (Okl.Cr.1997); *Moore v. State*, 889 P.2d 1253, 1255–56 (Okl.Cr.), *cert. denied*,

516 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Fowler*, 873 P.2d at 1056–57.

6.   22 O.S.Supp.1995, § 1089(D)(4).

7.   *Walker v. State*, 933 P.2d 327, 332 (Okl.Cr.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997).

¶ 4 In Proposition I Hooper claims trial counsel was ineffective for failing to: (1) investigate the facts of the case; (2) obtain funding for trial experts; (3) adequately prepare to cross-examine the State's witnesses; and (4) assert a defense. In this proposition, as well as in Proposition II, Hooper reasserts several claims that were raised and thoroughly argued on direct appeal. Post-conviction is neither a second appeal nor an opportunity for Hooper to re-raise or amend propositions of error already raised in the direct appeal brief. Hooper's claims regarding the time-line (going both to investigation and a theory of defense), funding for trial experts, questioning of Stefanie Duncan, and use of mental health experts at trial were raised in Hooper's direct appeal brief and are barred by *res judicata*. Hooper provides this Court with affidavits to support his remaining claims. However, with one exception, Hooper has not shown this material was unavailable to direct appeal counsel and much of the information is contained within the trial record.[8]

¶ 5 Within his claim of ineffective preparation for cross-examination, Hooper alleges counsel was unprepared to impeach Hooper's ex-wife, Stefanie Duncan. Hooper submits affidavits from two of his friends who accused Duncan of theft, as well as an Oklahoma State Bureau of Investigation report noting Duncan had been arrested for embezzlement. None of these materials were contained in the direct appeal record, and the affiants were never contacted by trial counsel. This material was therefore unavailable to direct appeal counsel. Reviewing the claim on its merits, we find trial counsel was not ineffective for failing to discover or use this material. Duncan testified that she and Hooper had several times visited the field in which the victims' bodies were found, and that Hooper was violent towards her. The first point helped connect Hooper to the charged crimes but was not as important as the physical evidence which connected Hooper to the scene. The second point underscored the State's evidence that Hoo-

per had a violent relationship with the victim, Cindy Jarman, but did not itself bear on the charged crimes. We do not find that trial counsel's omission in investigation undermined the proper functioning of the adversarial process or created an unreliable result.[9]

¶ 6 Proposition I contains several claims barred by *res judicata*, as well as claims which do not require fact-finding outside the direct appeal record. In the single claim properly raised under the post-conviction statutes we find counsel was not ineffective. Proposition I is denied.

¶ 7 In Proposition II Hooper claims trial counsel was ineffective for failing to: (1) investigate and pursue mitigating evidence and mitigation witnesses; and (2) prepare or present existing mitigation evidence effectively. Hooper's complaints regarding the mental health experts used at trial, as well as some of his complaints about limited use of Hooper's family members who testified, were raised in his direct appeal brief and are barred by *res judicata*. Hooper presents affidavits in support of his remaining claims but does not show the bulk of this material was unavailable to direct appeal counsel. Several of these affidavits accompanied Hooper's request for an evidentiary hearing, which was filed with his direct appeal, and he referred to those affidavits in his direct appeal brief.

¶ 8 Hooper claims trial counsel should have called several witnesses who could have testified about Hooper's effect on their lives. Regarding affidavits from Hooper's friends, we find this material was not available to direct appeal counsel. Considering this claim on its merits, we do not find counsel was ineffective for failing to discover and call these witnesses. Each affiant states he knew Hooper well in high school but had less contact with him after he married Duncan. Each affiant describes Hooper's marriage to Duncan as unhappy and violent, although neither saw Hooper hit Duncan.

8. *Charm v. State*, 953 P.2d 47, 50 (Okl.Cr.1998); *Mitchell v. State*, 934 P.2d 346, 350 (Okl.Cr.), cert. denied, —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997).

9. *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).

Only one affiant knew Cindy Jarman; he describes a troubled relationship but notes Hooper appeared fond of Jarman's children. The affidavits together describe a friendly but introverted person who abused alcohol and entered into troubled relationships. Given the other evidence presented in mitigation and the evidence presented to support the aggravating circumstances, we cannot conclude there is a reasonable probability that, with this evidence, the sentencer would have concluded the balance of aggravating and mitigating circumstances did not support a death sentence.[10]

¶ 9 Proposition II contains several claims barred by *res judicata,* as well as claims which do not require fact-finding outside the direct appeal record. In the single claim properly raised under the post-conviction statutes we find counsel was not ineffective. Proposition II is denied.

■■■ ¶ 10 In both propositions of error, Hooper claims without argument that appellate counsel's failure to raise these issues on direct appeal constitutes ineffective assistance of appellate counsel. Insofar as some of these issues were raised on direct appeal, this claim is barred by *res judicata.* In determining the claims not raised on appeal, this Court uses a three-prong test for ineffective assistance of appellate counsel: (1) did appellate counsel actually commit the act giving rise to the claim of ineffective assistance; and if so, (2) was such performance deficient; (3) if we determine counsel's performance was deficient we will consider the substantive claim allegedly mishandled by appellate counsel, if that claim is otherwise appropriate for post-conviction review.[11] Several of Hooper's claims fail the first part of this test. In the remaining claims, he establishes that appellate counsel failed to raise the issues, but offers no argument at all beyond arguing the substantive merits of the claims. We can only conclude Hooper is arguing that failure

to raise these arguments in itself constitutes ineffective assistance. As we have held many times, failure to raise even a meritorious claim does not, in itself, constitute deficient performance.[12] Hooper fails to show counsel's performance is deficient, and his substantive claims remain barred. Hooper's allegations of ineffective assistance of appellate counsel are denied.

¶ 11 Rather than file a separate Application for Evidentiary Hearing, as required by Rule 9.7(D)(5),[13] Hooper requests an evidentiary hearing within each proposition. As these requests are not in compliance with our Rules we deny Hooper's request for evidentiary hearings.

¶ 12 We have carefully reviewed Hooper's applications for post-conviction relief and an evidentiary hearing, and find that Hooper is not entitled to relief. The Application for Post–Conviction Relief and Evidentiary Hearing is **DENIED.**

JOHNSON, J., concurs.

STRUBHAR, V.P.J., and LUMPKIN and LANE, JJ., concur in result.

LANE, Judge, concur in results:

¶ 1 I concur in results by reason of *stare decisis.* I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State,* 1997 OK CR 39, 942 P.2d 229, 234–35(Lane, J., concur in result).

LUMPKIN, Judge, concur in results:

¶ 1 While I concur in the results reached by the Court in this case, I disagree with the Court's determination that certain evidence, i.e. affidavits from Petitioner's friends and an OSBI report, was unavailable to Petitioner's direct appeal counsel. The Court's conclusions are in conflict with our reasoning in *Walker v. State,* 933 P.2d 327 (Okl.Cr.1997)

---

10.  *Bryan v. State,* 935 P.2d 338, 361 (Okl.Cr.), *cert. denied,* —— U.S. ——, 118 S.Ct. 383, 139 L.Ed.2d 299 (1997).

11.  *Walker,* 933 P.2d at 333.

12.  *See, e.g., Mitchell,* 934 P.2d at 350; *Walker,* 933 P.2d at 336–37.

13.  Rule 9.7(D)(5), *Rules of the Court of Criminal Appeals,* Title 22, Ch.18, App. (1997). We note that, in any case, we determined Hooper's underlying propositions are barred or lack merit so an appropriate request for an evidentiary hearing would be denied.

(Lumpkin, J. concurring). In *Walker*, we found "this Court may not review ... claims of ineffective assistance of trial counsel if the facts generating those claims were available to Walker's direct appeal attorney and thus either *were* or *could have been* used in his direct appeal." *Walker*, 933 P.2d at 332. *See also McGregor v. State*, 935 P.2d 332 (Okl.Cr.1997). Here, the facts were available to appellate counsel and could have been used in Petitioner's direct appeal.

¶ 2 The affidavits from Petitioner's friends were clearly available to Petitioner's trial and appellate counsel. Petitioner has provided no evidence that his friends were "unavailable or unwilling at the time of (his) direct appeal to provide sworn statements." *Walker*, 933 P.2d at 332. In fact, one affiant admitted he was extensively interviewed by the State and was subpoenaed by the District Attorney's office to testify at trial. The second affiant was never asked to provide information regarding Petitioner, but "would gladly have done so" if he had been asked. Additionally, the second affiant did not accuse Stefanie Duncan of theft, as the Court's opinion suggests. Rather, the affiant merely testified that he heard about the theft but did not "know whether it happened."

¶ 3 Likewise, it can hardly be said that information regarding Ms. Duncan's criminal past was unavailable to Appellant's trial and appellate counsel. Trial counsel surely could have obtained such information by discovery, by simple investigation, or merely asking the question. Moreover, Appellant has failed to provide this Court with any evidence to suggest this information was "either not in existence at the time his direct appeal was filed" or was "kept from his direct appeal attorney." *Walker*, 933 P.2d at 332.

¶ 4 The teachings of *Walker* regarding unavailability are clear. Information which could have been discovered upon the exercise of reasonable diligence is not "unavailable." *Walker* did not adopt some type of "don't ask don't tell" policy as a way of side stepping the requirement to raise issues at the first opportunity. Rather, *Walker* adopts a responsibility that has been with us through the ages, i.e. ask, and it shall be given you; seek, and ye shall find; knock, and it shall be opened unto you.[1] Or as stated by John Dryden, "errors, like straws, upon the surface flow; He who would search for pearls must dive below."[2] Trial and direct appeal counsel have the opportunity to "dive for the pearls," if in fact they exist. However, failure to exercise that opportunity, absent a showing of some external impediment which precluded them from doing so, constitutes a waiver of the issue in post-conviction proceedings.