2001 OK CR 7

**Danny Keith HOOKS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. PCD–2000–1322.

Court of Criminal Appeals of Oklahoma.

March 14, 2001.

---

Kevin H. Pate, Capital Post–Conviction Division, Oklahoma Indigent Defense System, Norman, OK, Attorney on Application.

No response required.

## CHAPEL, JUDGE:

¶ 1 Danny Keith Hooks was tried by jury and convicted of five counts of Murder in the First Degree in violation of 21 O.S.1991,

§ 701.7, in the District Court of Oklahoma County, Case No. CF–97–657. The jury found two aggravating circumstances for each count: (1) that Hooks had been previously convicted of a felony involving the use or threat of violence to the person; and (2) that the murder was especially heinous, atrocious, or cruel. In accordance with the jury's recommendation the Honorable Daniel L. Owens sentenced Hooks to death on each count. Hooks appealed his judgments and sentences to this Court, and we affirmed.[1] The United States Supreme Court has not yet ruled on Hooks's petition for certiorari.

¶ 2 On December 15, 2000, Hooks filed an Application for Post–Conviction Relief. The only issues appropriately raised under Oklahoma's post-conviction statutes are those which: "(1) [w]ere not or could not have been raised in a direct appeal; and (2)[s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."[2] On review, this Court must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, (2) whether the applicant's grounds were or could have been previously raised, and (3) whether relief may be granted...."[3] The Post–Conviction Procedure Act is not intended to provide a second appeal.[4] This Court will neither consider issues which were raised on direct appeal and are barred by res judicata, nor discuss issues which have been waived because they could have been, but were not, raised on direct appeal.[5]

¶ 3 In Proposition I Hooks attacks Oklahoma's capital clemency scheme, alleging that as currently applied it denies capital petitioners due process. Hooks admits that this "free-standing federal constitutional claim" cannot be properly addressed under the Oklahoma post-conviction statute. We have repeatedly held that Oklahoma's clem-

1. *Hooks v. State*, 2001 OK CR 1, 19 P.3d 294.

2. 22 O.S.Supp.1995, § 1089(C).

3. 22 O.S.Supp.1995, § 1089(D)(4)(a).

4. *Hooper v. State*, 1998 OK CR 22, 957 P.2d 120, 122, *cert. denied*, 524 U.S. 943, 118 S.Ct. 2353, 141 L.Ed.2d 722.

5. 22 O.S.Supp.1995, § 1089(C); *Le v. State*, 1998 OK CR 1, 953 P.2d 52, 54, *cert. denied*, 524 U.S. 930, 118 S.Ct. 2329, 141 L.Ed.2d 702.

ency scheme is not a proper subject for state post-conviction review.[6]

¶ 4 Hooks also claims appellate counsel was ineffective for failing to raise "material facts in this case, including the nature and scope of the problems with the structure of Oklahoma's current clemency scheme." Hooks appears to include in this claim a larger allegation that appellate counsel failed to reasonably investigate the case or make reasonable decisions regarding investigative issues. This Court uses a three-prong test for ineffective assistance of appellate counsel: (1) did appellate counsel actually commit the act giving rise to the claim of ineffective assistance; if so, (2) was such performance deficient; (3) if we determine counsel's performance was deficient we will consider the substantive claim allegedly mishandled by appellate counsel if that claim is otherwise appropriate for post-conviction review.[7] Hooks offers no specific facts to support his claim beyond appellate counsel's failure to raise the clemency issue. Hooks cites nothing to support his suggestion that claims regarding prospective clemency proceedings, which are premature even at the post-conviction level, would be appropriate for review on direct appeal in a capital case. We cannot find counsel's performance was deficient for failure to raise this issue on direct appeal.[8]

¶ 5 In Proposition II Hooks claims the death penalty constitutes cruel and/or unusual punishment. This issue could have been raised on direct appeal and has been waived.[9] Hooks incorporates a motion for evidentiary hearing in his argument against capital punishment. Were we to treat the argument in the proposition as a separate Application for Evidentiary Hearing, Hooks has failed to file the necessary affidavits setting forth information necessary for disposition of this issue under Rule 9.7(D)(5).[10] This request fails to comply with our Court Rules. Hooks's Motion for Evidentiary Hearing on this issue is **DENIED.**

¶ 6 On December 15, 2000, Hooks filed an application for a writ of mandamus or prohibition to summarily vacate his Judgment and Sentence and death warrant. Hooks argues his Judgment and Sentence and death warrant are void because they order him to be confined and executed at a place of incarceration designated by the Oklahoma Department of Corrections and by the Warden of that place (or his successor). Hooks claims that Oklahoma law requires these documents to affirmatively designate his place of execution.[11] We find the Judgment and Sentence and death warrant are not rendered void by their lack of specificity. Oklahoma's prison system has one Death Row and one place of execution, both housed in the McAlester prison. Trial courts sitting in capital cases should so note when passing sentence and issuing a death warrant. However, the trial court's failure to do so neither dooms these documents nor constitutes an unlawful delegation of power. The Application for a Writ of Mandamus or Prohibition is **DENIED.**

¶ 7 We have carefully reviewed Hooks's application for post-conviction relief and an evidentiary hearing and find that he is not entitled to relief. The Application for Post–Conviction Relief and Application for the Exercise of Original Jurisdiction are **DENIED.**

6.  See, e.g., Patton v. State, 1999 OK CR 25, 989 P.2d 983, 989; Sellers v. State, 1999 OK CR 6, 973 P.2d 894, 895; Cummings v. State, 1998 OK CR 60, 970 P.2d 188, 192; Darks v. State, 1998 OK CR 21, 954 P.2d 169, 173; Douglas v. State, 1998 OK CR 12, 953 P.2d 349, 353–54; Gilbert v. State, 1998 OK CR 17, 955 P.2d 727, 733; 22 O.S.Supp.1995, § 1089(C). In Sellers we reached the issue of clemency in a subsequent post-conviction petition because Sellers claimed he had not received due process at a clemency hearing which had already been held. Hooks is several appellate steps from receiving a clemency hearing, and this issue is prospective only.

7.  Hooper, 957 P.2d at 124.

8.  Martinez v. State, 1999 OK CR 47, 992 P.2d 426, 432 (issue was premature as clemency proceedings had not commenced).

9.  Cummings, 970 P.2d at 192; 22 O.S.Supp. 1995, § 1089(C).

10. Rule 9.7(D)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2000).

11. 22 O.S.1991, § 1015(A), (B). Section 1015(A) requires executions to take place at the McAlester penitentiary. Section 1015(B) provides that the warden must be present at any execution.

LUMPKIN, P.J., concur in results.

JOHNSON, V.P.J., STRUBHAR and LILE, JJ., concur.

LUMPKIN, Presiding Judge: Concur in Results.

¶ 1 I concur, based on *stare decises*, in the discussion dealing with ineffective assistance of counsel. *See Walker v. State*, 933 P.2d 327, 341–344 (Okl.Cr.1997)(Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State*, 937 P.2d 505, 511–514 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and join in the Court's analysis of the substantive claims sought to be raised by petitioner.